Karen Butler Reisinger, Esq.  (IN #21795-49)
(Admitted *Pro Hac Vice*)
Sandra L. Davis, Esq. (IN #27803-53)
(Admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  kreisinger@schuckitlaw.com
           sdavis@schuckitlaw.com

*Lead Counsel for Defendant Trans Union, LLC*

Michael W. Bien, Esq. (CSB #96891)
Blake Thompson, Esq. (CSB # 255600)
Rosen, Bien & Galvan, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
Telephone:  415-433-6830
Fax:  415-433-7104
E-Mail:  mbien@rbg-law.com
           bthompson@rbg-law.com

*Local Counsel for Defendant Trans Union, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| RICHARD GAZARIAN,<br>              Plaintiff,<br><br>       vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>TRANS UNION, L.L.C.; EQUIFAX<br>INFORMATION SERVICES, L.L.C. and<br>SUNTRUST MORTGAGE, INC.<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 5:11-cv-02888-PSG<br><br>**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681) 1. FAILURE TO ESTABLISH PROPER PROCEDURES (15 U.S.C. § 1681e) 2. FAILURE TO REINVESTIGATE (15 U.S.C. § 1681i) AND AFFIRMATIVE DEFENSES** |

Trans Union, LLC, ("Trans Union"), by counsel, responds to Plaintiff's Complaint For Violations Of Fair Credit Reporting Act (15 U.S.C. §1681) 1. Failure To Establish Proper Procedures (15 U.S.C. §1681e) 2. Failure To Reinvestigate (15 U.S.C. § 1681i) (the "Complaint") as follows.   For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

<u>**JURISDICTION AND VENUE**</u>

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (hereinafter the "FCRA"); the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. (hereinafter "TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* (hereinafter "RESPA").   Specifically, Plaintiff seeks the remedies as provided in the FCRA, TILA, and RESPA for Defendants' failures to investigate and/or correct inaccurate credit report information as required by 15 U.S.C. §§ 1681e and 1681i; and failures to respond to requests for the information regarding Plaintiff's mortgage loan as required by 15 U.S.C. § 1641(f) and 12 U.S.C. § 2605(e).

**ANSWER**:      Trans Union denies that it violated the FCRA (or any other law).   Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

<u>**PARTIES**</u>

2.      The jurisdiction of this Court is conferred by 12 U.S.C. § 2614; 15 U.S.C. § 1681(p); and 28 U.S.C. § 1367.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      The Plaintiff is a natural persons [sic] and a resident of Contra Costa County, California.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Upon information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") is a corporation incorporated under the laws of the State of Texas authorized to do business under the laws of the State of California through its registered offices at 475 Anton Boulevard, Costa Mesa, California 92626.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.      Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. Upon information and belief, Defendant EQUIFAX INFORMATION SERVICES, L.L.C. (hereinafter "Equifax") is a corporation incorporated under the laws of the State of Georgia authorized to do business under the laws of the State of California through its registered offices at 1550 Peachtree Street, Northwest, Atlanta, GA 30309.

**ANSWER**:  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

**ANSWER**:  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER**:  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10. Upon information and belief, Defendant TRANS UNION, L.L.C. (hereinafter individually "TransUnion" and collectively with Experian and Equifax the "CRA's") is a business entity organized under the laws of Delaware authorized to do business under the laws of the State of California through its registered offices at 1510 Chester Pike, Crum Lynne, PA 19022.

**ANSWER**:     Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

11.     Upon information and belief, TransUnion is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

**ANSWER**:     Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

12.     Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13.     Upon information and belief, SUNTRUST MORTGAGE, INC. ("SunTrust"), is a business entity organized under the laws of the State of Virginia with a principal place of business at 901 Semmes Avenue, Richmond, Virginia 23224 and is authorized to do business under the laws of the State of California.  SunTrust transacts business in and has substantial contacts with the State of California.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

14.     Upon information and belief, SunTrust is a "furnishers of information to consumer reporting agencies" as applied in 15 U.S.C. § 1681s-2.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## ALLEGATIONS COMMON TO ALL CLAIMS

*Plaintiffs' Foreclosure*

15.    On or about January 2, 2007, SunTrust made a mortgage loan secured by a deed of trust (hereinafter the "Mortgage") to Mr. Gazarian to purchase certain real property located at 2127 Feathermind Drive, San Ramon, California 94582, and designated as Assessor's Parcel Number 222-340-015-7 (hereinafter "Mr. Gazarian's House").   SunTrust designated the Mortgage as loan number 0204778039.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.    Upon information and belief, the Mortgage was serviced by SunTrust.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17.    The Mortgage is a consumer credit transactions [sic] within the meaning of, and subject to, TILA.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

18.    The Mortgage is a "federally related mortgage loans" [sic] as defined in 12 U.S.C. § 2602(1) and therefore subject to RESPA.

1  **ANSWER**:    Trans Union states that the allegations of this paragraph are legal
2  conclusions and, so stating, denies them.

3      19.    On or about April 13, 2010, SunTrust, through its agent/trustee The Wolf Firm,
4  completed a non-judicial foreclosure of Mr. Gazarian's House when it sold Mr. Gazarians
5  House at a trustee sale.  *See* Notice of Trustee's Sale attached hereto as Exhibit A.  Pursuant to
6  California Code of Civil Procedure section 580d, along with any other applicable statute,
7  SunTrust is barred from seeking a deficiency judgment after taking Mr. Gazarian's House
8  through this non-judicial foreclosure.

9      **ANSWER**:    Trans Union states that no such document was attached.  Trans Union
10 states that the remaining allegations of this paragraph are legal conclusions and, so stating,
11 denies them.

### *Inaccurately Reported Information*

12     20.    In their credit reports regarding Plaintiff, all three CRA's include inaccurate
13 information from Mr. Gazarian's former creditor SunTrust regarding the Mortgage.

14     **ANSWER**:    Trans Union states that it lacks knowledge or information at this time
15 sufficient to form a belief about the truth of these allegations as they apply to Trans Union,
16 which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge
17 or information sufficient to form a belief about the truth of the remaining allegations, which
18 has the effect of a denial under Rule 8(b)(5).

19     21.    The CRA's includes the following inaccurate information in their credit reports
20 for Plaintiff regarding his former Mortgage with SunTrust:

21         •    Past due amount(s) of seventy-three thousand four hundred and twenty dollars
22              ($73,420.00) when no amounts are due or owing;

• The foreclosure date listed as July 2009 when the foreclosure sale occurred in or about April 13, 2010.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

### *Credit Report Dispute*

22.   When Plaintiff discovered these erroneous entries in his credit reports, he contacted the CRA's and requested that they verify and delete the erroneous information from their credit file.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

23.   On or about March 24, 2011, Plaintiff sent letters to all three CRA's via certified mail notifying them of the erroneous information regarding his former Mortgage.  Plaintiff has received confirmations indicating that Equifax and TransUnion received his dispute letters on March 28, 2011, and Experian received his dispute letter on March 31, 2011.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24.     As of the date of filing of this complaint, Plaintiff has not received any response from the CRA's, and the disputed erroneous information has not been removed from his credit reports.

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

25.     Upon information and belief, after receiving Plaintiff's request for verification and deletion, and in accordance with their standard procedures, the CRA's did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the listings and representations from the Creditors that lead to the above-referenced errors in Plaintiff's credit report.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26.     In the alternative to the allegation that the CRA's failed to contact the information reporter, SunTrust, Plaintiff alleges on information and belief that the CRA's did forward some notice of the dispute to SunTrust and failed to conduct a lawful investigation.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### *Qualified Written Requests*

27.    On or about March 24, 2011, Plaintiff sent a letter (hereinafter the "Qualified Written Request") via certified mail to SunTrust requesting, among other things, the identity of all parties with an interest in the Mortgage and an accounting of all payments and credits, among other information, in order to verify the information SunTrust is reporting to the CRA's. The Qualified Written Request clearly stated that it was a "qualified written request" being made pursuant to RESPA and TILA.  The Plaintiff has received confirmations indicating that SunTrust received the letter on March 8, 2011.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.    As of the filing of this claims, Plaintiff has not received a response to the Qualified Written Request from SunTrust.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

**FIRST CLAIM FOR RELIEF**

**(Failure to Establish Proper Procedures – 15 U.S.C. § 1681e)**

29.     Plaintiff realleges and incorporates paragraphs 1 through 28 above as if fully set forth herein.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

30.     Defendants CRA's violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

31.     As a result of this conduct, action and inaction of Defendants CRA's, Plaintiffs [sic] suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32.     Defendants CRA's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §

1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

33.    Plaintiff is entitled to recover attorney's fees from Defendants CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### SECOND CLAIM FOR RELIEF

### (Failure to Reinvestigate – 15 U.S.C. § 1681i)

34.    Plaintiff realleges and incorporates paragraphs 1 through 28 above as if fully set forth herein.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

35.    Defendants CRA's violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiffs' [sic] credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' [sic] credit file; and by relying upon verification from a source it has reason know is unreliable.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36.    As a result of this conduct, action, and inaction of Defendants CRA's, Plaintiffs [sic] suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37.    Defendants CRA's' conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

38.    Plaintiff is entitled to recover attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER**:      Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## SECOND CLAIM FOR RELIEF

### (Failure to Respond to QWR – 12 U. S.C. § 2605(e))

1.      Plaintiff realleges and incorporates paragraphs 1 through 28 above as if fully set forth herein.

**ANSWER**:      Trans Union reasserts its answers and responses set forth herein.

2.      SunTrust failed to acknowledge receipt of the Qualified Written Request within 5 days as required by 12 U.S.C. § 2605(e)(1)(A) as amended effective July 16, 2010, by section 1463(c)(1) of the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

**ANSWER**:      Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

3.      SunTrust failed to respond to the Qualified Written Request within 30 days as required by U.S.C. Section 2605(e)(2) as amended effective July 16, 2010, by section 1463(c)(2) of the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

**ANSWER**:      Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

4.      Defendant failed to identify the owner of the First Mortgage note within 10 days of receipt of the letter as required by 12 U.S.C. 2605(k) as amended effective July 16, 2010, by

section 1463(a) of the Dodd-Frank Financial Reform Act and as recently as September 13, 2010 has never provided Plaintiff with a response, thus violating both 12 U.S.C. §2605(e)(1) (RESPA) and 15 U.S.C. § 1641(f) (TILA) with respect to the First Mortgage Loan.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## DEMAND

WHEREFORE, Plaintiff demands judgment for statutory, compensatory, and punitive damages against Defendants, jointly and severely; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

**ANSWER**:     Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.     Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.     Trans Union's reports concerning Plaintiff were true or substantially true.

4.     Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

1         5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of

2  limitations.

3         6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e)

4  and/or 1681t.

5

6         7.      At all relevant times, Trans Union acted within the absolute and qualified

7  privileges afforded it under the FCRA, the United States Constitution, applicable State

8  Constitutions and the common law.

9         8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of

10 estoppel, waiver and laches.

11        9.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

12        10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

13        11.     Plaintiff's damages are the result of acts or omissions committed by the other

14 parties over whom Trans Union has no responsibility or control.

15

16        12.     Plaintiff's damages are the result of acts or omissions committed by non-parties

17 to this action over whom Trans Union has no responsibility or control.

18

19        13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates

20 Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth,

21 Eighth and Fourteenth Amendments to the United States Constitution and the analogous

22 provisions of applicable State Constitutions and under the First Amendment of the United

23 States Constitution and the analogous provisions of applicable State Constitutions.

24

25        14.     Trans Union reserves the right to assert additional defenses as may become

26 apparent through additional investigation and discovery.

27

28

1    WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is

2 entitled to judgment or to any of the relief sought, and respectfully requests that judgment be

3 entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans

4 Union, LLC, be awarded its costs incurred in defending this action, along with such other relief

5 as this Court deems equitable and just.

6

7

8                                              Respectfully submitted,

9

10 Date: July 8, 2011                          *s/ Karen Butler Reisinger*
                                               Karen Butler Reisinger, Esq. (IN #21795-49)
11                                                (admitted *Pro Hac Vice*)
                                               Sandra L. Davis, Esq. (IN #27803-53)
12                                                *(*admitted *Pro Hac Vice*)
                                               Schuckit & Associates, P.C.
13                                             4545 Northwestern Drive
                                               Zionsville, IN  46077
14                                             Telephone:  317-363-2400
                                               Fax:  317-363-2257
15                                             E-Mail:  kreisinger@schuckitlaw.com
                                                        sdavis@schuckitlaw.com
16
                                               *Lead Counsel for Defendant Trans Union, LLC*
17

18                                             Michael W. Bien, Esq. (CSB #96891)
                                               Blake Thompson, Esq. (CSB # 255600)
19                                             Rosen, Bien & Galvan, LLP
                                               315 Montgomery Street, Tenth Floor
20                                             San Francisco, CA  94104
                                               Telephone:  415-433-6830
21                                             Fax:  415-433-7104
                                               E-Mail:  mbien@rbg-law.com
22                                                      bthompson@rbg-law.com

23                                             *Local Counsel for Defendant Trans Union, LLC*

24

25

26

27

28