**CENTURY LAW GROUP LLP**
EDWARD O. LEAR, State Bar No. 132699
DANIEL A. WOODFORD, State Bar No. 241086
RIZZA GONZALES, State Bar No. 268118
5200 W. Century Blvd. #345
Los Angeles, CA 90045
Phone (310) 642-6900
Fax (310) 642-6910

Attorney for Plaintiff
RICHARD GAZARIAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD GAZARIAN, an individual, | CASE NO. 5:11- CV-11-02888 JF |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Hearing Date: September 9, 2011<br>Time: 10:30 a.m. |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; SUNTRUST MORTGAGE, INC. | **Honorable Judge Jeremy Fogel** |
| Defendants. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel conferred to discuss the matters set forth in Rule 26(f) and Local Rule 16.

Thus, the parties hereby submit their Joint Case Management Statement.

**1.  BASIS FOR JURISDICTION AND SERVICE**

This action is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"); the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*; and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA").  Consequently, this Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1681p of the FCRA, 15 U.S.C. § 1640(e) of TILA, and 12 U.S.C. § 2614 of RESPA.  This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.  All parties have been served.

**2.  FACTS**

**Plaintiff:** Plaintiff Richard Gazarian ("Plaintiff") is a natural person and "consumer" as defined in 15 U.S.C. § 1681a(c). Plaintiff's allegations stem from the reporting of information relating to a mortgage that Plaintiff took out with Defendant SunTrust Mortgage, Inc. ("SunTrust"). Plaintiff took the mortgage to purchase a house in January 2007. Three years later, in April 2010, SunTrust completed a non-judicial foreclosure of the house. Although SunTrust is not entitled to any further relief, such as a deficiency judgment, against Plaintiff pursuant to California law (*see* Cal.Code Civ.Proc. § 580d), SunTrust continued reporting a balance owed on the mortgage to Defendants Experian Information Solutions, Inc. ("Experian"), TransUnion LLC ("TransUnion"), and Equifax Information Services, LLC ("Equifax"). And Experian, TransUnion, and Equifax (collectively the "Credit Reporting Agencies" or the "CRA's") continued reporting a balance due as well as other inaccurate information, such as the date of the foreclosure. Plaintiff sent letters disputing the inaccurate information to the Credit Reporting Agencies and requested that they reinvestigate and remove the inaccurate information; however, the inaccurate information was not removed. Plaintiff also sent a "Qualified Written Request" letter, pursuant to 12 U.S.C. § 2605(e) of RESPA to SunTrust seeking information about the loan and SunTrust's accounting of it. SunTrust never responded to Plaintiff's qualified written request.

**Defendants:**

A.   **Trans Union, LLC:**  Trans Unions is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Further, Trans Union was accurately reporting Plaintiff's SunTrust account at all time relevant. Accordingly, any damages Plaintiff may have sustained could not have been caused by Trans Union.

B.   **Experian Information Solutions, Inc.:**  Experian is a consumer credit reporting agency, as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and

storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy. Experian's reasonable procedures were followed at all times with respect to Plaintiff's credit file. Experian therefore has no liability in this case.

**C.     Equifax Information Services, LLC:** Equifax is a consumer credit reporting agency as that term is defined by the FCRA. The FCRA does not require consumer reporting agencies to maintain error-free credit reports. Instead, it requires credit reporting agencies to maintain reasonable procedures to ensure the maximum possible accuracy of the information concerning the individual about whom the report relates. In the instant case, Defendant Equifax followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit report, and, as a matter of law, acted appropriately under the FCRA in its reinvestigations of Plaintiff's disputes. Equifax has no liability to Plaintiff in this case.

**D.     SunTrust Mortgage, Inc.:** On August 22, 2011 SunTrust Mortgage, Inc. (**SunTrust**) filed its Motion to Dismiss or Strike plaintiff's Complaint. As discussed more extensively in its motion to dismiss, SunTrust contends that the complaint fails to state a claim as against SunTrust. There are clear legal bars to plaintiff's claims against SunTrust.

**3.     LEGAL ISSUES**

**Plaintiff:**   Whether Defendants Experian, TransUnion, and Equifax established or followed proper and reasonable procedures to assure maximum accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff in violation of the Fair Credit Reporting Act § 1681 *et seq*. Whether Defendant SunTrust Mortgage conducted

an investigation with respect to the disputed information, reviewed all relevant information provided by Experian and Equifax, reported the results of the investigation to all consumer reporting agencies, if the information was incomplete/inaccurate report such results to all other consumer reporting agencies, and where the information was inaccurate, incomplete and/or unverifiable, promptly modify, delete or permanently block the reporting of that item of information.

**Defendants:**

**A.     Trans Union, LLC:** The primary legal issues with respect to Trans Union are whether Trans Union was accurately reporting Plaintiff's SunTrust account at all times relevant and whether any damages Plaintiff may have suffered were caused by Trans Union. Trans Union maintains that its reporting of the SunTrust account was accurate at all relevant times, and thus, Plaintiff's damages, if any, cannot be attributed to Trans Union.

**B.     Experian Information Solutions, Inc.:** The primary legal issues are whether Experian maintained reasonable procedures and conducted reasonable investigations into Plaintiff's disputes. Experian maintains that with respect to Plaintiff, it maintained reasonable procedures and conducted reasonable investigations of Plaintiff's disputes.

**C.     Equifax Information Services, LLC:** The primary legal issues with respect to Equifax are whether Equifax accurately reported Plaintiff's SunTrust account at all relevant times and whether any alleged damages were caused by Equifax. Equifax maintains that its reporting of the SunTrust account was accurate, and thus, Plaintiff's damages, if any, cannot be attributed to Equifax.

**D.     SunTrust Mortgage, Inc.:** Based on the allegations filed in plaintiff's complaint, the primary legal issue for SunTrust is whether or not SunTrust violated the Qualified Written Request provision of the Real Estate Settlement Procedures Act (**RESPA**). As discussed more extensively in SunTrust's Motion to Dismiss, SunTrust contends that plaintiff fails to state a claim under RESPA.

**4.     MOTIONS**

**Plaintiff:** Plaintiff does not anticipate the filing of any dispositive motions.

**Defendants:**

A. **Trans Union, LLC:** Trans Union may need to file a discovery motions and/or a motion for summary judgment.

B. **Experian Information Solutions, Inc.:** Experian may need to file a discovery motions and/or a motion for summary judgment.

C. **Equifax Information Services, LLC:** Equifax may need to file a discovery motions and/or a motion for summary judgment.

D. **SunTrust Mortgage, Inc.:** SunTrust filed its Motion to Dismiss on August 22, 2011. SunTrust may file discovery motions, as well as a motion for summary judgment.

5. **AMENDMENT OF PLEADINGS:**

**Plaintiff:** Plaintiff does not anticipate the amendment of any pleadings. However, the Parties agree that if any amendment to the pleadings are necessary, the deadline for same shall be October 11, 2011.

6. **EVIDENCE PRESERVATION:** The Parties are aware of their obligations with respect to document preservation and have complied with such under the facts and circumstances of this case.

7. **DISCLOSURES:** The Parties will make initial witness and document disclosures pursuant to FRCP 26(a) within 14 days of the Rule 26(f) conference.

8. **DISCOVERY**:

The Parties stipulate that, due to the large number of Defendants in this matter, Plaintiff's deposition may extend past the limitation set forth in the Federal Rules.

**Plaintiff:** Plaintiff anticipates propounding the following discovery requests: (a) Special Interrogatories and (b) Requests for Production. Plaintiff may also need to depose the persons most knowledgeable of the facts alleged in the complaint and Defendants' policies and practices relevant to the allegations contained in the complaint and other individuals that may be identified during the course of this litigation. Plaintiff does not object to limiting discovery as suggested by Defendants' counsel and outlined below.

**Defendants:**

A.      **Trans Union, LLC:**  Trans Union, LLC proposes no more than a total of 30 document requests and no more than 40 requests for admissions shall be served per party. Discovery will be sought on all allegations, claims and affirmative defenses alleged in the Complaint, any Amended Complaint and Answers and will be conducted by (including but not limited to) depositions, interrogatories, requests for productions of documents and requests for admission.  Trans Union may undertake non-party discovery to determine facts surrounding Plaintiff's claims.

B.      **Experian Information Solutions, Inc.:**  Experian agrees that discovery should be limited to no more than a total of 30 document requests and no more than 40 requests for admissions shall be served per party.

Discovery will be sought on all allegations, claims and affirmative defenses alleged in the Complaint and Answer and will be conducted by (including but not limited to) Depositions, Interrogatories, Requests For Admission and Requests For Production Of Documents.  Experian also intends to take the depositions of any expert retained by Plaintiff and reserves the right to retain a rebuttal expert and to take depositions of any other persons revealed by discovery to have personal knowledge of the matters in dispute.

C.      **Equifax Information Services, LLC:**  Discovery should be limited to no more than a total of 30 document requests and no more than 40 requests for admissions shall be served per party. Discovery will be sought on all allegations, including but not limited to, depositions, interrogatories, requests for admission, and requests for production of documents. Equifax also intends to take the depositions of any expert retained by Plaintiff and reserves the right to retain a rebuttal expert.  Equifax also anticipates it may take third party discovery to ascertain any alleged damages and concerning the facts surrounding Plaintiff's claims.

D.      **SunTrust Mortgage, Inc.:**  SunTrust agrees that discovery should be limited to no more than a total of 30 document requests and no more than 40 requests for admissions shall be served per party. SunTrust plans on taking the deposition of plaintiff, as well as taking the deposition of any expert retained by plaintiff.

9.      <u>**CLASS ACTIONS**</u>: Not Applicable.

10. **RELATED CASES:**  There are no related cases.

11. **RELIEF**:

   **Plaintiff:**  Plaintiff seeks compensatory and punitive damages against Defendants, attorney's fees and costs; for pre-judgment and post-judgment interest, and other relief the Court deems just, equitable and proper.

12. **SETTLEMENT AND ADR:**  The parties have agreed to mediation as discussed at the Rule 26(f) conference and have agreed that the mediation deadline be scheduled for 120 days from the date of the Order referring the case to mediation.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**  The parties decline to consent to the Magistrate Judge.

14. **OTHER REFERENCES:**  The parties agree this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. **NARROWING OF ISSUES:**  The parties agree that it is premature to attempt to narrow the issues.

16. **EXPEDITED SCHEDULE:**  The parties see no need for streamlined procedures or an expedited schedule.

17. **SCHEDULING:**

   The Parties suggest the following scheduling dates:

   Designation of Experts:  February 24, 2012

   Designation of Rebuttal Expert(s):  April 9, 2012

   Discovery Cutoff:  May 9, 2012

   Dispositive Motion Filing Deadline:  July 9, 2012

   Hearing of Dispositive Motions:  August 17, 2011

   Pretrial Conference:  October 2012

   Trial:  November 2012

18. **TRIAL:**  Plaintiff has requested a trial by jury.  The parties estimate the length of trial to be 4-5 days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**JOINT CASE MANAGEMENT STATEMENT – 5:11-CV-11-02888-JF**

1 **Plaintiff:** None.

2 **Defendants:**

3   B.  **Trans Union, LLC:** Trans Union, LLC has filed its Certification Of Interested Entities Or Persons. The entity identified by Trans Union is its parent corporation, Trans Union Corp.

  B.  **Experian Information Solutions, Inc.:** Experian Information Solutions, Inc., Defendant identifies the following interested parties: Parent Companies: The ultimate parent company of Experian is Experian plc.

    a.  Subsidiaries Not Wholly Owned: The following companies are the US-based subsidiaries of Experian plc that are not wholly owned:

      (1) First American Real Estate Solutions, LLC
      (2) First American Real Estate Solutions II, LLC
      (3) Vehicle Title, LLC
      (4) Central Source LLC
      (5) Online Data Exchange LLC
      (6) New Management Services LLC
      (7) VantageScore Solutions LLC
      (8) Opt-Out Services LLC

  C.  **Equifax Information Services, LLC:** Equifax Information Services LLC filed its Certification Of Interested Entities Or Persons. The entity identified by Equifax Information Services LLC is its parent corporation, Equifax Inc.

  D.  **SunTrust Mortgage, Inc.**: Defendant SunTrust Mortgage, Inc., is a fully owned subsidiary of SunTrust Bank. SunTrust Bank is a fully owned subsidiary of SunTrust Banks, Inc., which is publicly traded on the New York Stock Exchange.

Dated: August 25, 2011       CENTURY LAW GROUP, LLP

                By: */S/ Rizza Gonzales*
                  EDWARD O. LEAR

**JOINT CASE MANAGEMENT STATEMENT – 5:11-CV-11-02888-JF**

|   |   |   |
|---|---|---|
| 1 | | DANIEL WOODFORD |
| 2 | | RIZZA GONZALES |
| | | Attorneys for Plaintiff |
| 3 | | RICHARD GAZARIAN |

Dated: August 25, 2011        AKERMAN SENTERFITT LLP

By: */S/ Bryan M. Leifer*
    BRYAN M. LEIFER
    Attorneys for Defendant
    SUNTRUST MORTGAGE, INC.

Dated: August 25, 2011        JONES DAY

By: */S/ Katherine A. Klimkowski*
    KATHERINE A. KLIMKOWSKI
    Attorneys for Defendant
    EXPERIAN INFORMATION SOLUTIONS, INC.

Dated: August 25, 2011        SCHUCKIT & ASSOCIATES, P.C.

By: */S/ Sandra L. Davis*
    SANDRA DAVIS
    Attorneys for Defendant
    TRANSUNION, LLC

Dated: August 25, 2011        NOKES & QUINN, APC

By: */S/ Thomas P. Quinn, Jr.*
    THOMAS P. QUINN, JR.
    Attorneys for Defendant
    EQUIFAX INFORMATION SERVICES, INC.

**JOINT CASE MANAGEMENT STATEMENT – 5:11-CV-11-02888-JF**