EDWARD O. LEAR, State Bar No. 132699
DANIEL WOODFORD, State Bar No. 241086
RIZZA GONZALES, State Bar No. 268118
**CENTURY LAW GROUP LLP**
5200 W. Century Blvd. #345
Los Angeles, CA 90045
Phone (310) 642-6900
Fax (310) 642-6910

Attorney for Plaintiff
RICHARD GAZARIAN

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GAZARIAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; SUNTRUST MORTGAGE, INC.<br><br>Defendants. | Case No.: 5:11-CV-02888<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, TO STRIKE**<br><br>Date:<br>Time:<br>Courtroom: |

COMES NOW the Plaintiff, RICHARD GAZARIAN ("Plaintiff" and/or "Gazarian"), by and through his attorneys of record, hereby submits the following written opposition in response to Defendant SUNTRUST MORTGAGE, INC. ("SunTrust")'s Motion to Dismiss Plaintiff's Complaint, or in the Alternative to Strike. Plaintiff's opposition is based upon the authority and arguments contained and attached hereto as well as all pleadings and other documents on file in the present matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION/BRIEF STATEMENT OF FACTS

On June 13, 2011, Plaintiff Richard Gazarian, filed his Complaint for Violations of Fair Credit Reporting Act (15 U.S.C. § 1681) against Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), and SunTrust Mortgage, Inc. ("SunTrust"). Plaintiff alleges in his complaint that on or about January 2, 2007, SunTrust made a mortgage loan secured by the real property located at 2127 Feathermint Drive, San Ramon, California 84582 and designated as Assessor's Parcel Number 222-340-015-7 ("Subject Property"). (Complaint, ¶ 15). On April 13, 2010, SunTrust, through its agent/trustee The Wolf Firm, completed a non-judicial foreclosure sale of the Subject Property. (Complaint, ¶ 19). As a result of the non-judicial foreclosure sale, SunTrust is barred from seeking a deficiency judgment against Mr. Gazarian for any outstanding money due on the mortgage on the Subject Property. *See* C.C.P. § 580d.

After the non-judicial foreclosure, Mr. Gazarian realized that Defendants Experian, Trans Union and Equifax ("Credit Reporting Agencies" and/or "CRAs") had included inaccurate information from Mr. Gazarian's former creditor, SunTrust, regarding the Mortgage including that there was a past due amount of $73,420.00 when no amounts were due or owing and that the foreclosure sale date was listed as July 2009 when it in fact occurred on or about April 13, 2010. (Complaint, ¶ 21).

Upon discovery of these erroneous entries, Mr. Gazarian sent letters to all three CRAs via certified mail notifying them of the errors. To date, Mr. Gazarian has not received any response from the CRAs nor has any of the disputed erroneous information been removed from his credit

OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S MOTION TO DISMISS

reports. (Complaint, ¶ 23-24).

As to SunTrust, Mr. Gazarian sent a Qualified Written Request letter via certified mail to SunTrust requesting the identity of all parties with an interest in the Mortgage and an accounting of all payments and credits in order to verify the information SunTrust was reporting to the CRAs. (Complaint, ¶ 27). Mr. Gazarian has not received a response from SunTrust to this date. (Complaint, ¶ 28).

On August 22, 2011, SunTrust filed its Motion to Dismiss pursuant to Fed. R. Civ. Proc. Rule 12(b)(6) for failure to state a sufficient claim for which relief can be granted. SunTrust bases its position on the mistaken premise that Mr. Gazarian's allegations are formulaic and conclusory. However, for the reasons discussed below, SunTrust's motion fails as Plaintiff has sufficiently pleaded its cause of action for failure to respond to Qualified Written Request ("QWR").[1]

## II. LEGAL ARGUMENT

### a. The Standard of Review for a Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

"In a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the burden falls on the defendant to prove that the complaint fails to state a claim upon which relief can be granted. All factual uncertainties in the complaint must be construed in the light most favorable to the plaintiff. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir.1996). The Court will dismiss only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.1998)." *Medialdea v. Law Office of Evan L. Loeffler PLLC*, 2009 WL 1767185, Pg. 1 (W.D.Wash.,2009).

Further, "the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The court is bound to give the plaintiff the

---

[1] Plaintiff does not oppose Defendant SunTrust's motion to dismiss as to the causes of action for failure to establish proper procedures under 15 U.S.C. § 1681e and failure to reinvestigate under 15 U.S.C. § 1681i as these causes of action are addressed solely to Defendants Experian, Equifax and Trans Union, the credit reporting agency defendants.

3

OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S MOTION TO DISMISS

benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Int'l Ass'n v. Schermerhorn,* 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963). In general, the Complaint is construed favorably to the pleader. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). *Watts v. Allstate Indem. Co.* 2009 WL 1905047, Pg. 3 (E.D. CA 2009).

Defendant SunTrust has failed to meet its burden in the present matter as the Complaint must be construed favorably to the pleader and the allegations of the Complaint must be accepted as true.

### b. Plaintiff Has Properly Pleaded His Failure to Respond to QWR Cause of Action Against SunTrust

SunTrust contends that Plaintiff's third cause of action fails because Plaintiff's Complaint is formulaic as to pleading the existence of a QWR sent to SunTrust, that Plaintiff has not pleaded any actual damages, and that Plaintiff's allegation regarding a TILA violation is time barred by the statute of limitations. However, as set forth more fully below, Plaintiff's Complaint has sufficiently pleaded the existence of a QWR, Plaintiff has sufficiently pleaded the existence of actual damages, and Plaintiff's allegation of a TILA violation is not time barred by the one-year statute of limitations set forth in 15 U.S.C. § 1640(e).

Firstly, all factual uncertainties in the Complaint must be construed in the light most favorable to Plaintiff. *In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir.1996).* Herein, Plaintiff has alleged in his Complaint that on March 24, 2011, he "sent a letter…via certified mail to SunTrust requesting…the identity of all parties with an interest in the Mortgage and an accounting of all payments." (Complaint, ¶ 27). The Complaint further states that Plaintiff clearly stated that he was making a "qualified written request" under RESPA and TILA. (*Id.*). As such, SunTrust cannot claim that Plaintiff has only formulaically pleaded the existence of a QWR given the detail provided by Mr. Gazarian in his Complaint.

Secondly, Plaintiff has alleged in his Complaint that he "demands judgment for statutory, compensatory, and punitive damages against Defendants." (*Id.* at pg. 8). This encompasses the

actual damages allowed by 12 U.S.C. § 2605(f)(1). Mr. Gazarian has suffered actual damages in an amount to be determined by an expert including, but not limited to, the damage to his reputation, Mr. Gazarian's reduced capacity to obtain credit, and the added cost to Mr. Gazarian of obtaining credit as a result of the inaccuracies in his credit report caused by Defendants including SunTrust.

Finally, Mr. Gazarian's allegation of a TILA violation is not time barred by the one-year statute of limitations set forth in 15 U.S.C. § 1640(e) which provides that a TILA violation must be brought "within one year form the date of the occurrence of the violation." Herein, the violation occurred at the earliest date of March 24, 2011, the date Mr. Gazarian sent his QWR to SunTrust. Mr. Gazarian filed his complaint on June 8, 2011, which is well within the one-year statute of limitations. Furthermore, when the TILA violation occurred for purposes of the statute of limitations is a factual issue for the Court to decide and inappropriate for the Court's consideration here on SunTrust's Motion to Dismiss.

For the foregoing reasons SunTrust's Motion to Dismiss must be overruled.

### c. Liberal Right to Amend

A complaint may be dismissed for failure to state a claim upon which relief can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief." *Thompson v. Davis* 295 F.3d 890, 895 (9th Cir.2002), *cert. denied*, 538 U.S. 921, 123 S.Ct. 1570, 155 L.Ed.2d 311 (2003). "[I]t may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.*

In considering the motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir.2004). Further, FRCP 15(a) expressly states that leave to amend "shall be freely given when justice so requires." *Allen v. City of Beverly Hills* (9th Cir. 1990) 911 F2d

367, 373; *Friedlander v. Nims* (11th Cir. 1985) 755 F2d 810, 813.

To the extent that the Court believes Mr. Gazarian has failed to plead with specificity his cause of action against SunTrust, Mr. Gazarian respectfully requests the Court grant him the opportunity to file an amended complaint to address the Court's concerns so Mr. Gazarian's matter may be heard on its merits.

### III. CONCLUSION

For the reasons set forth above, Mr. Gazarian respectfully requests the Court deny Defendant SunTrust's Motion to Dismiss. However, to the extent that the Court finds Mr. Gazarian has failed to file his Complaint with the requisite specificity, Mr. Gazarian requests the Court grant him the opportunity to amend his complaint.

DATED: September 6, 2011                    **CENTURY LAW GROUP LLP**

                                By:    /s/ Rizza Gonzales
                                       Edward O. Lear
                                       Daniel Woodford
                                       Rizza Gonzales
                                       Attorneys for Plaintiff
                                       RICHARD GAZARIAN

OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S MOTION TO DISMISS

# PROOF OF SERVICE

Re:     Richard Gazarian v. Experian Information Solutions, Inc. et al.

Case No.:  CV-11-02888 JF

I am employed Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 5200 W. Century Boulevard, Suite 345, Los Angeles, California 90045, in the County of Los Angeles.

On August 26, 2011, I served the document(s) named below on the parties in this Action as follows:

DOCUMENT SERVED:

## OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S MOTION TO DISMISS

[ ]     **(BY MAIL)** I am readily familiar with the business practice of Century Law Group for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence was placed in the internal mail collection system which is deposited with the United States Postal Service that same day in the ordinary course of business at the practice of Century Law Group, 5200 W. Century Boulevard, Suite 345, Los Angeles, California 90045, in a sealed envelope, postage fully prepaid.

[ ]     **(BYFAX)** The above-referenced document was transmitted by facsimile transmission and the transmission was reported as completed and without error. Pursuant to C.R.C. 2009(i), I either caused, or had someone cause, the transmitting machine to properly transmit the attached documents to the facsimile numbers shown on the service list.

[ ]     **(BY OVERNIGHT DELIVERY)** I am readily familiar with the business practice of Century Law Group LLP for collection and processing of documents for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express or Overnite Express for overnight delivery or by Express mail via the United States Postal Service.

[X]     **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail addresses as listed above and/or on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]     **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized by First Legal Support Services to receive documents to be delivered on the same date. A proof of service signed by the authorized courtier shall be filed upon receipt from First Legal Support Services.

[X]     **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on **September 6, 2011** at Los Angeles, California.

*Kathy Ferrera*

---
Kathy Ferrera

SERVED UPON:

| | |
|---|---|
| **Katherine A. Klimkowski**<br>**Jones Day**<br>**3161 Michelson Drive Suite 800**<br>**Irvine, CA 92612**<br>**kaklimkowski@jonesday.com**<br><br>*Attorney for Experian Information Solutions, Inc.* | **Blake Thompson**<br>**Rosen, Bien & Galvan, LLP**<br>**315 Mongtomery Street**<br>**10th Floor**<br>**San Francisco, CA 94104**<br>**bthompson@rbg-law.com**<br><br>*Attorney for Transunion, LLC* |
| **Sandra L. Davis**<br>**Schuckit & Associates PC**<br>**4545 Northwestern Drive**<br>**Zionsville, IN 46077**<br>**317-363-2400**<br>**317-363-2257 (fax)**<br>**sdavis@schuckitlaw.com**<br><br>*Attorney for Transunion, LLC* | **Thomas P. Quinn**<br>**Nokes & Quinn**<br>**410 Broadway, Suite 200**<br>**Laguna Beach, CA 92651**<br>**tquinn@nokesquinn.com**<br><br><br>*Equifax Information Services, LLC* |
| **Karen B. Reisinger**<br>**Schuckit and Associates, P.C.**<br>**4545 Northwestern Drive**<br>**Zionsville, IN 46077**<br>**kreisinger@schuckitlaw.com**<br><br>*Attorney for Transunion, LLC* | **Bryan M. Leifer**<br>**Akerman Senterfitt LLP**<br>**725 S Figueroa Street**<br>**38th Floor**<br>**Los Angeles, CA 90017-5438**<br>**bryan.leifer@akerman.com**<br><br>*Attorney for Transunion, LLC* |