IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD GAZARIAN,

    Plaintiff,

  v.

EXPERIAN INFORMATION SOLUTIONS, INC; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; SUNTRUST MORTGAGE, INC.,

    Defendants.
_____/

No. C 11-02888 CW

ORDER GRANTING SUNTRUST'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND

INTRODUCTION

    Plaintiff brings three causes of action against Defendant SunTrust Mortgage, Inc., and Defendants Experian, Equifax and TransUnion (Defendant CRAs or CRAs). SunTrust has submitted a motion to dismiss Plaintiff's claims against it. Plaintiff has filed an opposition. For the reasons stated below, SunTrust's motion is GRANTED as to all claims, and Plaintiff is granted leave to amend his third claim.

BACKGROUND

    Plaintiff alleges that SunTrust, through its agent, completed a non-judicial foreclosure of Plaintiff's house at a trustee sale on April 13, 2010. SunTrust had issued and serviced Plaintiff's mortgage loan for the property.

    Plaintiff alleges that the CRAs inaccurately reported past due amounts of $73,420.00 on his mortgage with SunTrust when in fact no amounts were due. He pleads that he unsuccessfully

attempted to correct the inaccurate information by contacting the CRAs without receiving any response. Plaintiff alleges that either the CRAs failed to contact SunTrust to verify the information or SunTrust failed to conduct a lawful investigation.

Plaintiff alleges that he then sent a Qualified Written Request (QWR) to SunTrust on March 24, 2011, "requesting, among other things, the identity of all parties with an interest in the Mortgage and an accounting of all payments and credits, among other information, in order to verify the information SunTrust is reporting to the CRA's." Compl. at 5-6 ¶ 27. Plaintiff received a confirmation indicating receipt of the letter on March 28, 2011. He alleges that, as of the filing of the complaint, he had yet to receive a response to the QWR from SunTrust.

Plaintiff brings his first cause of action, failure to establish proper procedures, as provided by 15 U.S.C. § 1681(e), against Defendant CRAs. He brings his second cause of action, failure to investigate under 15 U.S.C. § 1681i, against Defendant CRAs. Plaintiff brings his third cause of action against SunTrust for failure to respond to a QWR, as required by 12 U.S.C. § 2605(e) of the Real Estate Settlement Procedures Act (RESPA). Plaintiff claims the alleged failure to respond is also a violation of 15 U.S.C. § 1641(f) of the Truth in Lending Act (TILA), for failure to disclose ownership of the loan when a consumer seeks that information.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to

2

state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

3

DISCUSSION

I. First and Second Causes of Action Against Defendant CRAs

Plaintiff's first and second causes of action are directed to Defendant CRAs. He does not allege that SunTrust is a CRA, nor does he mention SunTrust in either cause of action. Because Plaintiff does not bring the first two causes of action against SunTrust, SunTrust's motion to dismiss them is denied as moot.

II. Third Cause of Action, for Failure to Respond to a Qualified Written Request

Plaintiff's claim that SunTrust did not acknowledge receipt of a QWR within five days, as required by 12 U.S.C. § 2605(e)(1)(A), fails by his own admission. Plaintiff states in his complaint that he sent the QWR on March 24, 2011, and that he received confirmation of receipt on March 28, 2011.

Further, the cause of action must be dismissed in full because Plaintiff has not adequately alleged any actual damages as a result of the alleged failure to respond. See 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower . . . [for] any actual damages to the borrower as a result of the failure."); see, e.g., Long v. Deutsche Bank Nat. Trust Co., 2011 WL 5079586, at *4 (D. Hawaii); Abdollahi v. Washington Mutual FA, 2009 WL 1689656, at *3 (N.D. Cal.); Fonua v. First Allied Funding, 2009 WL 816291, at *3 (N.D. Cal.). It is Plaintiff's pleading obligation to "point to some colorable relationship between his injury and the actions or omissions that allegedly violated RESPA." Allen v. United Fin. Mortg. Corp., 2010 WL 1135787, at *5 (N.D. Cal.). Plaintiff claims damage to his reputation, reduced capacity to obtain

4

credit, and the added cost of obtaining credit, but he does not plead any facts demonstrating a causal connection between the alleged failure to respond and those harms he claims he suffered.

In addition, Plaintiff does not adequately plead that he sent a proper QWR.  He states that he sent a letter self-identified as a qualified written request, requesting the identity of all parties with an interest in the mortgage and an accounting of all payments and credits to verify the information being reported to the CRAs.  A proper QWR requires sufficient information for the servicer to identify the name and the account of the borrower and a statement of the reasons for the belief of the borrower that the account is in error.  12 U.S.C. § 2605(e)(1)(B).  Plaintiff does not plead that he provided identifying information in the alleged QWR or that he explained the reasons for his belief in the inaccuracy of the reports.

Plaintiff's claim that Defendant failed to disclose ownership of the loan is not barred by TILA's one-year statute of limitations.  15 U.S.C. § 1640(e).  Plaintiff filed his claim on June 13, 2011.  Accordingly, Plaintiff's TILA claim would be timely if he did not discover, or have a reasonable opportunity to discover, the alleged violations before June 13, 2010.  See King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  As a general rule, the limitations period in section 1640(e) runs from the date of the consummation of the transaction.  In this case, however, the violation alleged is for the failure to respond to the QWR, which did not and could not have occurred until Plaintiff sent the QWR, on March 24, 2011.

5

CONCLUSION

For the foregoing reasons, SunTrust's motion to dismiss is GRANTED, and Plaintiff is granted leave to amend his QWR claim to plead a statutorily sufficient QWR and a causal connection between the alleged failure to respond and actual harm suffered.

IT IS SO ORDERED.

Dated:  11/17/2011

CLAUDIA WILKEN
United States District Judge