EDWARD O. LEAR, State Bar No. 132699
DANIEL WOODFORD, State Bar No. 241086
RIZZA GONZALES, State Bar No. 268118
**CENTURY LAW GROUP LLP**
5200 W. Century Blvd. #345
Los Angeles, CA 90045
Phone (310) 642-6900
Fax (310) 642-6910

Attorney for Plaintiff
RICHARD GAZARIAN

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GAZARIAN, an individual, | |
| Plaintiff, | Case No.: 4-11-cv-02888-CW |
| v. | **AMENDED COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681)** |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; SUNTRUST MORTGAGE, INC. | 1. **FAILURE TO ESTABLISH PROPER PROCEDURES (15 U.S.C. § 1681e)**<br>2. **FAILURE TO REINVESTIGATE (15 U.S.C. § 1681i)**<br>3. **FAILURE TO RESPOND TO QWR (12 U.S.C. § 2605(E))**<br>4. **FAILURE TO INVESTIGATE (15 U.S.C. § 1681s-2(b)(1)(A)-(E))** |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff RICHARD GAZARIAN (hereinafter "Plaintiff" and/or "Mr. Gazarian") by counsel, and for his complaint against Defendants, alleges as follows:

1

1

## JURISDICTION AND VENUE

2      1.      This is an action for actual, statutory, and punitive damages, costs, and
3  attorney's fees brought pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C.
4  §§ 1681 *et seq*. (hereinafter the "FCRA"); the Truth in Lending Act, 15 U.S.C. §§
5  1601 *et seq*. (hereinafter "TILA"), and the Real Estate Settlement Procedures Act,
6  12 U.S.C. §§ 2601 *et seq*. (hereinafter "RESPA"). Specifically, Plaintiff seeks the
7  remedies as provided in the FCRA, TILA, and RESPA for Defendants' failures to
8  investigate and/or correct inaccurate credit report information as required by 15
9  U.S.C. §§ 1681e and 1681i, and failures to respond to requests for the information
10  regarding Plaintiff's mortgage loan as required by 15 U.S.C. § 1641(f) and 12
11  U.S.C. § 2605(e).

12

## PARTIES

13      2.      The jurisdiction of this Court is conferred by 12 U.S.C. § 2614; 15
14  U.S.C. § 1681(p); and 28 U.S.C. § 1367.

15      3.      The Plaintiff is a natural persons and a resident of Contra Costa
16  County, California. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

17      4.      Upon information and belief, Defendant EXPERIAN INFORMATION
18  SOLUTIONS, INC. (hereinafter "Experian") is a corporation incorporated under
19  the laws of the State of Texas authorized to do business under the laws of the State
20  of California through its registered offices at 475 Anton Boulevard, Costa Mesa
21  California 92626.

22      5.      Upon information and belief, Experian is a "consumer reporting
23  agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian
24  is regularly engaged in the business of assembling, evaluating, and disbursing
25  information concerning consumers for the purpose of furnishing consumer reports,
26  as defined in 15 U.S.C. § 1681(d) to third parties.

27      6.      Upon information and belief, Experian disburses such consumer
28  reports to third parties under contract for monetary compensation.

2

1    7.    Upon information and belief, Defendant EQUIFAX INFORMATION
2  SERVICES, L.L.C. (hereinafter "Equifax") is a corporation incorporated under the
3  laws of the State of Georgia authorized to do business under the laws of the State of
4  California through its registered offices at 1550 Peachtree Street, Northwest,
5  Atlanta, Georgia 30309.

6    8.    Upon information and belief, Equifax is a "consumer reporting
7  agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian
8  is regularly engaged in the business of assembling, evaluating, and disbursing
9  information concerning consumers for the purpose of furnishing consumer reports,
10  as defined in 15 U.S.C. § 1681(d) to third parties.

11    9.    Upon information and belief, Equifax disburses such consumer reports
12  to third parties under contract for monetary compensation.

13    10.   Upon information and belief, Defendant TRANS UNION, L.L.C.
14  (hereinafter individually "TransUnion" and collectively with Experian and Equifax
15  the "CRA's") is a business entity organized under the laws of Delaware authorized
16  to do business under the laws of the State of California through its registered offices
17  at 1510 Chester Pike, Crum Lynne, PA 19022.

18    11.   Upon information and belief, TransUnion is a "consumer reporting
19  agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian
20  is regularly engaged in the business of assembling, evaluating, and disbursing
21  information concerning consumers for the purpose of furnishing consumer reports,
22  as defined in 15 U.S.C. § 1681(d) to third parties.

23    12.   Upon information and belief, TransUnion disburses such consumer
24  reports to third parties under contract for monetary compensation.

25    13.   Upon information and belief, SUNTRUST MORTGAGE, INC.
26  ("SunTrust"), is a business entity organized under the laws of the State of Virginia
27  with a principal place of business at 901 Semmes Avenue, Richmond, Virginia
28  23224 and is authorized to do business under the laws of the State of California.

3

AMENDED COMPLAINT

1 SunTrust transacts business in and has substantial contacts with the State of
2 California.

3  14.  Upon information and belief, SunTrust is a "furnishers of information
4 to consumer reporting agencies" as applied in 15 U.S.C. § 1681s-2.

5 ## ALLEGATIONS COMMON TO ALL CLAIMS

6 *Plaintiffs' Foreclosure*

7  15.  On or about January 2, 2007, SunTrust made a mortgage loan secured
8 by a deed of trust (hereinafter the "Mortgage") to Mr. Gazarian to purchase certain
9 real property located at 2127 Feathermint Drive, San Ramon, California 94582, and
10 designated as Assessor's Parcel Number 222-340-015-7 (hereinafter "Mr.
11 Gazarian's House"). SunTrust designated the Mortgage as loan number
12 0204778039.

13  16.  Upon information and belief, the Mortgage was serviced by SunTrust.

14  17.  Upon information and belief, the Mortgage was also owned by
15 SunTrust.

16  18.  The Mortgage is a consumer credit transaction within the meaning of,
17 and subject to, TILA.

18  19.  The Mortgage is a "federally related mortgage loans" as defined in 12
19 U.S.C. § 2602(1) and therefore subject to RESPA.

20  20.  On or about April 13, 2010, SunTrust, through its agent/trustee, The
21 Wolf Firm, completed a non-judicial foreclosure of Mr. Gazarian's House when it
22 sold Mr. Gazarian's House at a trustee sale. *See* Notice of Trustee's Sale attached
23 hereto as Exhibit A. Pursuant to California Code of Civil Procedure section 580d,
24 along with any other applicable statute, SunTrust is barred from seeking a
25 deficiency judgment after taking Mr. Gazarian's House through this non-judicial
26 foreclosure.

27 *Inaccurately Reported Information*

28  21.  In their credit reports regarding Plaintiff, all three CRA's include

4

1  inaccurate information from Mr. Gazarian's former creditor SunTrust regarding the
2  Mortgage.

3       22.     The CRA's includes the following inaccurate information in their
4  credit reports for Plaintiff regarding his former Mortgage with SunTrust:

5       • Past due amount(s) of seventy-three thousand four hundred and twenty
6              dollars ($73,420.00) when no amounts are due or owing; and
7       • The foreclosure date listed as July 2009 when the foreclosure sale
8              occurred in or about April 13, 2010.

9                           *Credit Report Dispute*

10      23.     When Plaintiff discovered these erroneous entries in his credit reports,
11  he contacted the CRA's and requested they verify and delete the erroneous
12  information from their credit file.

13      24.     On or about March 24, 2011, Plaintiff sent letters to all three CRA's
14  via certified mail notifying them of the erroneous information regarding his former
15  Mortgage. Plaintiff has received confirmations indicating that Equifax and
16  TransUnion received his dispute letters on March 28, 2011, and Experian received
17  his dispute letter on March 31, 2011.

18      25.     As of the date of filing this complaint, Plaintiff has not received any
19  response from the CRA's, and the disputed erroneous information has not been
20  removed from his credit reports

21      26.     Upon information and belief, after receiving Plaintiff's request for
22  verification and deletion, and in accordance with their standard procedures, the
23  CRA's did not evaluate or consider any of Plaintiff's information, claims or
24  evidence and did not make any attempt to substantially or reasonably verify the
25  listings and representations from the Creditors that lead to the above-referenced
26  errors in Plaintiff's credit report.

27      27.     In the alternative to the allegation that the CRA's failed to contact the
28  information reporter, SunTrust, Plaintiff alleges on information and belief that the

5

1  CRA's did forward some notice of the dispute to SunTrust and failed to conduct a
2  lawful investigation.

3       28.    In the alternative to the allegations that the CRA's failed to contact the
4  information reporter, SunTrust, Plaintiff alleges on information and belief that the
5  CRA's did forward some notice of the dispute to SunTrust and SunTrust failed to
6  conduct a lawful investigation, review all relevant information, report the results of
7  its investigation to the CRA's, report incomplete or inaccurate information to the
8  CRA's, and/or for information that is inaccurate or incomplete or cannot be verified
9  by any reinvestigation promptly modify, delete or permanently block that item of
10  information.

11                              *Qualified Written Requests*

12       29.    On or about March 24, 2011, Plaintiff sent a letter (hereinafter the
13  "Qualified Written Request") via certified mail to SunTrust requesting, among other
14  things, the identity of all parties with an interest in the Mortgage and an accounting
15  of all payments and credits, among other information, in order to verify the
16  information SunTrust is reporting to the CRA's.

17       30.    The Qualified Written Request clearly stated that it was a "qualified
18  written request" being made pursuant to RESPA and TILA.

19       31.    The Qualified Written Request included Plaintiff's name, property
20  address, and loan number of the Mortgage.

21       32.    The Qualified Written Request stated the reasons Plaintiff believed his
22  account was in error and that the purpose of such Qualified Written Request was to
23  correct inaccuracies being reported by the CRA's.

24       33.    The Plaintiff has received confirmation indicating that SunTrust
25  received the letter on March 28, 2011.

26       34.    As of the filing of this complaint, Plaintiff has not received a response
27  to the Qualified Written Request from SunTrust.

28  ///

                                        6

                              AMENDED COMPLAINT

1

## FIRST CLAIM FOR RELIEF

2

## (Failure to Establish Proper Procedures as to Defendants CRA's -- 15 U.S.C. §

3

## 1681e)

4      35.     Plaintiff realleges and incorporates paragraphs 1 through 34 above as if

5    fully set forth herein.

6      36.     Defendants CRA's violated 15 U.S.C. § 1681e(b) by failing to

7    establish or to follow reasonable procedures to assure maximum possible accuracy

8    in the preparation of the credit report and credit files it published and maintains

9    concerning Plaintiff.

10     37.     As a result of this conduct, action and inaction of Defendants CRA's,

11   Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit

12   from credit, the mental and emotional pain and anguish and the humiliation and

13   embarrassment of credit denials.

14     38.     Defendants CRA's conduct, action, and inaction was willful, rendering

15   it liable for punitive damages in an amount to be determined by the Court pursuant

16   to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to

17   recover under 15 U.S.C. § 1681o.

18     39.     Plaintiff is entitled to recover attorney's fees from Defendants CRA's

19   in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or §

20   1681o.

21

## SECOND CLAIM FOR RELIEF

22

## (Failure to Reinvestigate as to Defendants CRA's – 15 U.S.C. § 1681i)

23     40.     Plaintiff realleges and incorporates paragraphs 1 through 34 above as if

24   fully set forth herein.

25     41.     Defendants CRA's violated 15 U.S.C. § 1681i on multiple occasions

26   by failing to delete inaccurate information in Plaintiffs' credit file after receiving

27   actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by

28   failing to forward relevant information to the Creditors; failing to maintain

7

1 reasonable procedures with which to filter and verify disputed information in
2 Plaintiffs' credit file; and by relying upon verification from a source it has reason
3 know is unreliable.

4     42.   As a result of this conduct, action and inaction of Defendants CRA's,
5 Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit
6 from credit, the mental and emotional pain and anguish and the humiliation and
7 embarrassment of credit denials.

8     43.   Defendants CRA's' conduct, action, and inaction was willful,
9 rendering it liable for punitive damages in an amount to be determined by the Court
10 pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling
11 Plaintiff to recover under 15 U.S.C. § 1681o.

12     44.   Plaintiff is entitled to recover attorney's fees from Defendants in an
13 amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or §
14 1681o.

## THIRD CLAIM FOR RELIEF

**(Failure to Respond to QWR as to Defendant SunTrust– 12 U.S.C. § 2605(e))**

17     45.   Plaintiff realleges and incorporates paragraphs 1 through 34 above as if
18 fully set forth herein.

19     46.   SunTrust failed to respond to the Qualified Written Request within 30
20 days as required by U.S.C. Section 2605(e)(2) as amended effective July 16, 2010,
21 by section 1463(c)(2) of the Dodd-Frank Financial Reform Act and Reg. X Section
22 3500.21(e)(1).

23     47.   Defendant failed to identify the owner of the First Mortgage note
24 within 10 days of receipt of the letter as required by 12 U.S.C. 2605(k) as amended
25 effective July 16, 2010, by section 1463(a) of the Dodd-Frank Financial Reform
26 Act and as recently as September 13, 2010 has never provided Plaintiff with a
27 response, thus violating both 12 U.S.C. §2605(e)(1) (RESPA) and 15 U.S.C.
28 §1641(f) (TILA) with respect to the First Mortgage Loan.

1   48.    As a result of this conduct, action and inaction of Defendant SunTrust,
2   Plaintiff has suffered actual damages by loss of credit, loss of ability to purchase
3   and benefit from credit, the mental and emotional pain and anguish and the
4   humiliation and embarrassment of credit denials given that Plaintiff was unable to
5   verify with the CRA's the information provided by SunTrust.

6                           **FOURTH CLAIM FOR RELIEF**

7        **(Failure to Investigate by SunTrust – 15 U.S.C. § 1681s-2(b)(1)(A)-(E))**

8   49.    Plaintiff realleges and incorporates paragraphs 1 through 34 above as if
9   fully set forth herein.

10  50.    Defendant SunTrust violated 15 U.S.C. § 1681s-2(b)(1) by failing,
11  upon receiving notice of the dispute by Plaintiff from the Defendant CRA's, to
12  conduct a lawful investigation; by failing to review all relevant information
13  provided by the Defendants CRA's; by failing to report the results of its
14  investigation to the CRA's; if the investigation finds that the information is
15  incomplete or inaccurate, by failing to report those results to the Defendants CRA's;
16  and/or if the information disputed by Plaintiff is found to inaccurate or incomplete
17  or cannot be verified after any reinvestigation by failing to modify, delete, or
18  permanently block the reporting of that item of information.

19  51.    As a result of this conduct, action and inaction of Defendant SunTrust,
20  Plaintiff has suffered damages by loss of credit, loss of ability to purchase and
21  benefit from credit, the mental and emotional pain and anguish and the humiliation
22  and embarrassment of credit denials.

23  52.    Defendant SunTrust's conduct, action, and inaction was willful,
24  rendering it liable for punitive damages in an amount to be determined by the Court
25  pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling
26  Plaintiff to recover under 15 U.S.C. § 1681o.

27

28

9

AMENDED COMPLAINT

1    53.    Plaintiff is entitled to recover attorney's fees from Defendants in an
2    amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or §
3    1681o.

## DEMAND

WHEREFORE, Plaintiff demands judgment for statutory, compensatory, and
punitive damages against Defendants, jointly and severely; for his attorney's fees
and costs; for pre-judgment and post-judgment interest at the legal rate; and such
other relief the Court deems just, equitable, and proper.

DATED: December $5$, 2011              **CENTURY LAW GROUP LLP**

By: _____

Edward O. Lear
Daniel Woodford
Rizza Gonzales
Attorneys for Plaintiff
RICHARD GAZARIAN

10

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a jury trial of this action.

3

4    DATED: December _5_, 2011                    CENTURY LAW GROUP LLP

5

6                                          By:

7                                               Edward O. Lear

8                                               Daniel Woodford
                                                Attorneys for Plaintiff
9                                               RICHARD GAZARIAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

AMENDED COMPLAINT