```
1  AKERMAN SENTERFITT LLP
   DONALD M. SCOTTEN (SBN 190532)
2  Email: donald.scotten@akerman.com
   BRYAN M. LEIFER (SBN 265837)
3  Email: bryan.leifer@akerman.com
   725 South Figueroa Street, 38th Floor
4  Los Angeles, California 90017-5433
   Telephone: (213) 688-9500
5  Facsimile: (213) 627-6342

6  Attorneys for Defendant
   SUNTRUST MORTGAGE, INC.
7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GAZARIAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; SUNTRUST MORTGAGE, INC.<br><br>Defendants. | Case No. 4:11-CV-02888-CW<br><br>Hon. Judge Claudia Wilken<br><br>**DEFENDANT SUNTRUST MORTGAGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Document Filed Concurrently Herewith:<br>1. Request for Judicial Notice<br><br>Hearing Date:<br>Date: January 26, 2012<br>Time: 2:00 p.m.<br>Ctrm: 2 - 4th Floor<br><br>Complaint Filed: August 26, 2011<br>FAC Filed: December 6, 2011 |

**TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 26, 2012 or as soon thereafter as may be heard, at the Oakland Courthouse, Courtroom 2 – 4th Floor, 1301 Clay Street, Oakland, California 94612, defendant SunTrust Mortgage, Inc. (**SunTrust**) will and hereby does move this Court to dismiss with prejudice the First Amended Complaint (**FAC**) filed by plaintiff Richard Gazarian (**plaintiff** or **Gazarian**).

and is based on the grounds that plaintiff fails to state claims for which relief may be granted and that the Complaint is barred as a matter of law against SunTrust. To the extent any portion of the FAC survives, SunTrust asks the Court to strike plaintiff's request for punitive damages, because plaintiff does not allege facts sufficient to support such an award against SunTrust.

This motion is based upon this notice, the attached memorandum of points and authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

Dated: December 16, 2011

Respectfully submitted,

AKERMAN SENTERFITT LLP

By: */s/ Bryan M. Leifer*
Bryan M. Leifer
Attorney for Defendant
SUNTRUST MORTGAGE, INC.

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | STATEMENT OF FACTS | | 1 |
| III. | LEGAL STANDARD | | 2 |
| IV. | ARGUMENT | | 3 |
| | A. | The First Amended Complaint Fails to Plead Actionable Claims Against SunTrust | 3 |
| | B. | Plaintiff's Third Claim for Relief for "Failure to Respond to QWR" | 3 |
| | | 1. No Violation of TILA | 7 |
| | C. | Plaintiff's Fourth Claim for Failure to Investigate Should be Dismissed | 9 |
| | | 1. Plaintiff's Allegations as to Violations of Fair Credit Reporting Act are Without Merit | 10 |
| | | 2. Plaintiff Fails To Plead A Key Element of FCRA Section 1681s-2(b) Claim: Damages | 12 |
| V. | CONCLUSION | | 14 |

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

**Cases**

*Abdollahi v. Washington Mutual FA*,
   No. C-09-00743-HRL, 2009 WL 1689656 (N.D. Cal. June 15, 2009) .................................. 4

*Boles v. Merscorp, Inc.*,
   No. 08-1989, 2009 WL 734133 (C.D.Cal. Mar. 18, 2009) .................................................. 7

*Clegg v. Cult Awareness Network*
   18 F.3d 752, 754-755 (9th Cir. 1994) .................................................................................. 2

*Fonua v. First Allied Funding*,
   No. C 09-497 SI, 2009 WL 816291 (N.D. Cal. March 27, 2009) ...................................... 4

*Harris v. American General Finance, Inc.*,
   No. Civ. A. 02-1395, 2005 WL 1593673 (D. Kan. July 6, 2005) ...................................... 5

*Hutchinson v. Delaware Sav. Bank FSB*,
   410 F.Supp.2d 374 (D. N.J. 2006) ...................................................................................... 4

*Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*,
   416 F.3d 940 (9th Cir. 2005) .............................................................................................. 3

*Morequity, Inc. v. Naeem*,
   118 F. Supp. 2d 885 (N.D. Ill. 2000) .................................................................................. 5

*Mulato v. WMC Mortgage Corp.*,
   No. C 09-3443, 2009 WL 3561536 (N.D.Cal. Oct. 27, 2009) ............................................ 7

*Sollberger v. Wachovia Sec., LLC*
   2010 U.S. Dist. LEXIS 66233 at *11 (C.D. Cal. Jun. 30, 2010) ........................................ 2

*Vasquez v. L.A. County*
   487 F.3d 1246, 1258 (9th Cir. 2007) .................................................................................. 3

*Walker v. Equity 1 Lenders Group*,
   No. 09cv325 WQH (AJB), 2009 WL 1364430 (S.D. Cal. May 14, 2009) ........................ 4

*Williams v. Saxon Mortgage Servs., Inc.*,
   No. Civ.A. 06-0799-WS-B, 2007 WL 2828752 (S.D. Ala. Sept. 27, 2007) .................. 6, 8

*Wong v. Am. Servicing Co.*
   2009 U.S. Dist. LEXIS 118012, at *9 (E.D. Cal. Dec. 18, 2009) ...................................... 2

**Statutes**

12 U.S.C. § 2605(e)(1)(A) ........................................................................................................ 4

12 U.S.C. § 2605(e)(1)(B)(ii) ................................................................................................... 4

12 U.S.C. § 2605(f)(1) .............................................................................................................. 4

15 U.S.C. § 1641(f)(2) .......................................................................................................... 6, 8

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Richard Gazarian (**plaintiff** or **Gazarian**) defaulted on his mortgage loan, and his property was sold at a non-judicial foreclosure sale. He now brings this lawsuit against Defendant credit reporting agencies Experian Information Solutions (**Experian**), Trans Union LLC (**Trans Union**), and Equifax Information Services, LLC (**Equifax**) (collectively **CRA Defendants**). He also brings this action SunTrust Mortgage, Inc. (**SunTrust**), an alleged furnisher of information to CRAs. Gazarian focuses his first two causes of action against the CRA Defendants, alleging the CRAs included inaccurate credit information in their credit reports. His third cause of action brings forth the exact same allegations presented in the original complaint, alleging that SunTrust failed to respond to a purported Qualified Written Request in violation of 12 U.S.C. § 2605(e). For the reasons set forth both below, and in the Court's Order granting SunTrust's Motion to Dismiss the original complaint, this claim is not viable.

In his fourth cause of action, plaintiff now presents a single-paragraph allegation, devoid of any facts, claiming that SunTrust violated the Fair Credit Reporting Act (**FCRA**). Plaintiff's conclusory allegations cannot serve as a basis for an FCRA claim. Moreover, plaintiff has failed to allege any facts as to damages under the FCRA.

The FAC fails to state any claim for relief against SunTrust, as it does not include facts necessary to state a plausible claim that SunTrust violated the federal statutes mentioned in the Complaint. Additionally, the FAC fails to allege how SunTrust damaged plaintiff, and fails to plead any facts that he is entitled to punitive damages. The FAC asserts almost no facts to support any of its claims against SunTrust. SunTrust's motion to dismiss should be granted.

## II. STATEMENT OF FACTS

On or about January 2, 2007, SunTrust made a mortgage loan secured by a deed of trust to plaintiff Gazarian to purchase real property located at 2127 Feathermint Drive, San Ramon, California 94582. (FAC ¶ 15). Plaintiff alleges that the Mortgage was serviced by SunTrust. (FAC ¶ 16). Plaintiff then alleges that on or about April 13, 2010, plaintiff's former property was sold by way of non-judicial foreclosure at a Trustee's Sale. (FAC ¶ 19). Plaintiff alleges that he found erroneous

entries on his credit reports. (FAC ¶ 22). Plaintiff also alleges that the CRAs (Equifax, Experian, and Trans Union) failed to contact SunTrust, and did not forward notice of the dispute to SunTrust; but at the same time plaintiff alleges in the alternative that SunTrust did receive notice of the dispute. (FAC ¶ 27). On June 13, 2011, plaintiff filed his Complaint. SunTrust moved to dismiss the Complaint, and the Court granted SunTrust's motion with leave to amend. Plaintiff filed a first amended complaint on December 6, 2011. SunTrust now moves to dismiss plaintiff's FAC.

## III. LEGAL STANDARD

"Shotgun" and implausible pleadings cannot survive a rule 12(b)(6) motion to dismiss. "[A] plaintiff must not be permitted to use 'shotgun' pleading tactics, such as providing inadequate factual bases for his claims, to thwart the defendant's ability to seek dismissal of the claims against him as early in the litigation as possible." *Wong v. Am. Servicing Co.*, 2009 U.S. Dist. LEXIS 118012, at *9 (E.D. Cal. Dec. 18, 2009). "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Sollberger v. Wachovia Sec., LLC*, 2010 U.S. Dist. LEXIS 66233 at *11 (C.D. Cal. Jun. 30, 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

In *Iqbal*, Supreme Court reviewed the standard for a pre-answer motion to dismiss. It explained that a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. This means that "naked assertions devoid of further factual enhancement" no longer suffice to state a claim. *Id.* (internal quotation omitted). What is more, the facts actually pled must give rise to a plausible claim for relief. *Id.* A formulaic recitation of the elements, because of its conclusory nature, is disentitled to a presumption of truth. *Id.* at 1951.

Dismissal with prejudice is proper if "it is clear that the complaint could not be saved by any amendment." *Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). In fact, a court can dismiss claims without granting leave to amend if amending the complaint would be futile. *See Vasquez v. L.A. County*, 487 F.3d 1246, 1258 (9th Cir. 2007) ("Granting Vasquez leave to amend would have been futile, and we hold that the district court did not err in preventing such futility.")

## IV. ARGUMENT

### A. The First Amended Complaint Fails to Plead Actionable Claims Against SunTrust

Plaintiff directs his third and fourth causes of action against SunTrust. However, both causes of action fail to state a claim. A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Gazarian's vague and unclear "causes of action" do not plead a cognizable theory of relief against SunTrust. Even if the FAC is liberally construed to have comprehensible allegations, there is no basis to conclude it adequately states viable claims for relief. The entirety of Gazarian's allegations against SunTrust consist of a recitation of the elements. Plaintiff fails to identify what type of information was allegedly reported, how SunTrust is able to verify it, why SunTrust is under a duty to verify it, and so on. Unsupported legal conclusions will not suffice. Moreover, plaintiff must allege, at the very least, why the purported failure to respond to his requests amounts to a violation of RESPA. Without further factual support, the First Amended Complaint fails. Additionally, as set forth below, there are clear legal bars to any claim under the sparse allegations mentioned in the FAC. SunTrust should be dismissed from this action with prejudice.

### B. Plaintiff's Third Claim for Relief for "Failure to Respond to QWR"

Plaintiff's third cause of action fails because it is completely formulaic. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. This complaint is exactly what the Supreme Court had in mind when it wrote, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

In his third cause of action, plaintiff alleges SunTrust violated the "qualified written request" (**QWR**) provision of the Real Estate Settlement Procedures Act (**RESPA**) by " ...fail[ing] to respond to the Qualified Written Request within 30 days as required by U.S.C. § 2605(e)(2)..." (FAC ¶ 46); and "...fail[ing] to identify the owner of the First Mortgage note within 10 days of receipt of the letter as required by 12 U.S.C. § 2605(k)..." (FAC ¶ 47). Plaintiff also alleges that SunTrust, "...as recently as September 13, 2010 has never provided Plaintiff with a response, thus violating both 12 U.S.C. §2605(e)(1) (RESPA) and 15 U.S.C. §1641(f) (TILA) with respect to the First Mortgage Loan." (FAC ¶ 47).

First, plaintiff cannot allege a violation of RESPA's QWR provision. Plaintiff's claim is conclusory, as it fails to explain why his correspondence was a proper QWR. Pursuant to 12 U.S.C. § 2605(e)(1)(B)(ii), for correspondence to qualify as a QWR, it must contain a statement explaining "the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." In addition, the correspondence must seek "information relating to the servicing of [the] loan." 12 U.S.C. § 2605(e)(1)(A). A request for information to a servicer that does not provide a specification why the borrower thinks the account is in error is not a proper QWR, and the servicer need not respond. See *Walker v. Equity 1 Lenders Group,* No. 09cv325 WQH (AJB), 2009 WL 1364430, at *5 (S.D. Cal. May 14, 2009). Here, plaintiff does not allege that the purported QWR was related to the servicing of the loan. Because plaintiff fails to allege this QWR requested information related to the servicing of the loan and it fails to comply with any of the requirements of a QWR. See 12 U.S.C. § 2605.

Additionally, even if the QWR were proper, the cause of action must be dismissed because plaintiff has not adequately alleged any damages as a result of the alleged failure to respond. Only, actual damages are available to compensate individual claims under section 6 of RESPA. See 12 U.S.C. § 2605(f)(1). "Alleging a breach of RESPA duties alone is not enough. A plaintiff must, at a minimum, allege that the breach resulted in actual damages." *Hutchinson v. Delaware Sav. Bank FSB,* 410 F.Supp.2d 374, 382-83 (D.N.J. 2006); *accord Abdollahi v. Washington Mutual FA,* No. C-09-00743-HRL, 2009 WL 1689656, *3 (N.D. Cal. June 15, 2009); *Fonua v. First Allied Funding,* No. C

09-497 SI, 2009 WL 816291, at *3 (N.D. Cal. March 27, 2009).

The purported QWR is not a QWR because it does not call into question the servicing of the loan, nor does it state why plaintiff believed his account was in error. Even a cursory glance at the allegations reflect a document request rather than a true QWR. *Id.* District courts interpreting RESPA have concluded that "[a] letter cannot be 'qualified' under the statute if it does not relate to the servicing of the account, i.e. the allegation of an inaccurate account." *See, e.g., Harris v. American General Finance, Inc.*, No. Civ. A. 02-1395, 2005 WL 1593673, *3 (D. Kan. July 6, 2005); *Morequity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 900-901 (N.D. Ill. 2000) (letter not a QWR where "[n]one of the irregularities alleged in the [borrower's RESPA claim] relate in any way to the 'servicing' of the loan, as that term is defined in the statute"); *Pettie v. Saxon Mtg. Services*, No. C08-5089 RBL, 2009 WL 1325947 (W.D. Wash. May 12, 2009) (dismissing claim for failure to respond to a purported QWR where the QWR provided no justification for why the plaintiff believed the account was in error). Plaintiff does not allege he sent letters challenging how the loans were serviced, nor has he alleged *any* specific problems with the servicing of his loan. Plaintiff's RESPA claim fails.

Finally, plaintiff alleges that "Defendants" violated 15 U.S.C. § 1641(f) of the Truth in Lending Act (**TILA**) by not disclosing the ownership of his loan. First, plaintiff alleges "the Mortgage was serviced by SunTrust...," and "the Mortgage was also owned by SunTrust." (FAC ¶¶ 16-17). Plaintiff alleges the property was sold on "April 13, 2010" after a non-judicial foreclosure of Gazarian's home. (FAC ¶ 20). Plaintiff then alleges that "On or about March 24, 2011, Plaintiff sent a [QWR letter] to SunTrust." (FAC ¶ 29). As plaintiff acknowledges, this letter was sent nearly a year after his property was sold to U.S. Bank National Association, and after SunTrust no longer owned or serviced the loan. (*See* FAC ¶¶ 16-17; RJN Ex. 2).

Plaintiff fails to allege how SunTrust would have any duty under RESPA to respond to plaintiff's purported letter. As discussed above, a QWR must relate to the servicing of the loan, and plaintiff fails to allege that the QWR request related to loan servicing.[1] Moreover, as to TILA,

---

[1] "Servicing" means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and

plaintiff does not allege that SunTrust had a duty to respond, nor that plaintiff has standing to bring a TILA claim against SunTrust. Plaintiff alleges "the Mortgage was serviced by SunTrust," and SunTrust formely owned the mortgage. (FAC ¶¶ 16-17). However, loan servicers are not subject to TILA's disclosure requirements. *See Williams v. Saxon Mortgage Servs., Inc.*, No. Civ.A. 06-0799-WS-B, 2007 WL 2828752, at *4-5 (S.D. Ala. Sept. 27, 2007) (mortgage servicer is not liable for TILA violations). "A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." 15 U.S.C. § 1641(f)(2).

Finally, plaintiff fails to allege how he was damaged. He alleges his property was sold on April 13, 2010, but fails to set forth any allegations or facts as to how a request for ownership of a loan relates to plaintiff's purported harm. Even if plaintiff properly alleged his correspondence was a QWR, the FAC does not allege how this caused plaintiff actionable harm. California courts have taken the position that "actual damages" for RESPA purposes should be pecuniary. *E.g., Allen v. United Fin. Mortgage Corp.*, 660 F.Supp. 1089, 1097 (N.D.Cal. 2009). Absent some pecuniary harm, an essential element of a RESPA claim based on a QWR is missing. *E.g., Anokhin v. BAC Home Loan Servicing, L.P.*, No. 2:10-cv-395-MCE, 2010 WL 3294367, at *3-4 (E.D.Cal. Aug. 20, 2010); *Lal v Am. Home Mortgage Servicing, Inc.*, 680 F.Supp.2d 1218, 1223 (E.D.Cal. 2010).

Plaintiff fails to allege any facts to indicate how he was damaged by SunTrust's alleged failure to respond to his purported QWR. Specifically, plaintiff does not allege how failing to respond to a letter requesting loan ownership information, **purportedly sent a year after his property was sold,** damaged plaintiff. Section 2605(f)(1) provides that whoever fails to comply with any provision of § 2605 shall be liable in the following amounts:

---

making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i). A request for information to a servicer that does not provide a specification why the borrower thinks the account is in error is not a proper QWR, and the servicer need not respond. *See Walker v. Equity 1 Lenders Group*, No. 09cv325 WQH (AJB), 2009 WL 1364430, at *5 (S.D. Cal. May 14, 2009).

{22786845;1}  6  CASE NO. 4:11-CV-02888-CW
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

> In the case of any action by an individual, an amount equal to the sum of--
> (A) any actual damages to the borrower as a result of the failure; and
> (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.

Plaintiff has not alleged facts showing a "pattern or practice" of noncompliance by SunTrust. Plaintiff alleges that SunTrust failed to respond to one letter. (FAC ¶ 46).

Therefore, because plaintiff has failed to allege his purported QWR requested information relating to the servicing of his loan, his claim fails. Plaintiff has also not pled any facts demonstrating how he was damaged. Plaintiff's RESPA allegations in his third cause of action are not viable.

### 1. No Violation of TILA

The third cause of action also fails to plead facts establishing a Truth in Lending Act (**TILA**) violation. Plaintiff seems to allege a TILA violation based on plaintiff's purported QWR letter. (FAC ¶¶ 29-34). Plaintiff alleges in a conclusory manner that SunTrust violated TILA: "…as recently as September 12, 2010 has never provided Plaintiff with a response…."(FAC ¶ 47). This allegation is nonsensical. If plaintiff allegedly sent a letter in March of 2011, SunTrust could not have known about the letter in September 2010. Furthermore, plaintiff fails to allege any facts supporting his claim, and fails to even connect the allegations in his pleadings. Furthermore, because the FAC alleges that the property was sold by SunTrust in April of 2010, and plaintiff sent his letter a year later, TILA liability does not attach. This is because there is no allegation that SunTrust, the loan servicer, maintained ownership of the loan after it sold plaintiff's property. *Mulato v. WMC Mortgage Corp.*, No. C 09-3443, 2009 WL 3561536, at *6 (N.D.Cal. Oct. 27, 2009) (dismissing claim against servicer); *Boles v. Merscorp, Inc.*, No. 08-1989, 2009 WL 734133 at *3 (C.D.Cal. Mar. 18, 2009) (dismissing TILA claim because plaintiff alleged the defendant was a "servicer" and alleged no independent facts to the contrary).

Courts in the Ninth Circuit apply 15 U.S.C. § 1641(f) according to its plain language. In *Fullmer v. JPMorgan Chase Bank, N.A.*, 2010 WL 95206, *4 (E.D. Cal.), the court wrote that "TILA specifically states that servicers are not to be treated as assignees, and therefore are not liable for damages." *See also Orozco v. DHI Mortgage Co.*, 2010 WL 2757283, at *7 (S.D. Cal.); *Marks v. Ocwen Loan Servicing*, 2008 WL 344210, at *4-5 (N.D. Cal.). Here, plaintiff admits that SunTrust

serviced his loan (FAC ¶ 16). As discussed below, plaintiff has not pled any facts demonstrating that SunTrust was ever assigned his loan.

Plaintiff's TILA claim, 15 U.S.C. § 1641(f), fails because that section provides: "Upon written request by the obligor, the servicer shall provide the obligor to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." Even if SunTrust were properly alleged to have violated § 1641(f), Gazarian cannot bring suit against SunTrust under TILA. TILA provides for civil liability on the part of "any creditor who fails to comply with any requirement" imposed by TILA. 15 U.S.C. § 1640. Under certain circumstances, TILA actions may also be maintained against any assignee of a creditor against whom a civil action may be brought. 15 U.S.C. § 1641(a). TILA makes it clear that a servicer "shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." 15 U.S.C. § 1641(f)(2). Accordingly, SunTrust cannot be held liable for any alleged TILA violations. *See Hartman v. Deutsche Bank Nat'l Trust Co.*, 2008 U.S. Dist. LEXIS 59136, *7-8 (E.D.P.A., 2008) (holding that MERS was not liable where Plaintiff alleged that MERS served as the servicer and/or nominee" for the loan.").

Plaintiff alleges "the Mortgage was serviced by SunTrust." (FAC ¶ 16). Loan servicers are not subject to TILA's disclosure requirements. *See Williams v. Saxon Mortgage Servs., Inc.*, No. Civ.A. 06-0799-WS-B, 2007 WL 2828752, at *4-5 (S.D. Ala. Sept. 27, 2007) (mortgage servicer is not liable for TILA violations). "A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." 15 U.S.C. § 1641(f)(2).

Based on the language of §§ 1640 and 1641, courts have held that "[w]hile it is the servicer of the loan that has the obligation to provide the information to the borrower pursuant to section 1641(f), liability for violations of TILA rests squarely and solely with creditors." *Ording v. BAC Home Loans Serv., LP*, 2011 WL 99016, at * 3 (D. Mass. Jan. 10, 2011). *See also Consumer Solutions REO, LLC v. Hillery*, 2010 WL 144988, at *3 (N.D. Cal. Jan. 8, 2010) ("With respect to Saxon, a TILA damages

claim predicated on a violation of § 1641(f)(2) cannot stand because TILA allows for a suit against a creditor or an assignee but not a servicer except under narrow circumstances not applicable here.") The FAC does not indicate that SunTrust is anything other than a servicer. In fact, plaintiff alleges that on April 13, 2010, SunTrust sold plaintiff's former property by way of non-judicial foreclosure at a Trustee's Sale. (FAC ¶ 20). Thus, because there is no allegation that SunTrust is a creditor or an assignee, the § 1641(f)(2) claim should be dismissed. *Selby v. Bank of America, Inc.*, No. 09-02079, (S.D. Cal. March 14, 2011) (order granting Loan Servicer EMC Mortgage's Motion to Dismiss plaintiff's claim under 15 U.S.C. § 1641(f)(2) based on plaintiff's failure to allege EMC was a creditor or assignee). Plaintiff's third cause of action is not viable, and should be dismissed with prejudice.

### C. Plaintiff's Fourth Claim for Failure to Investigate Should be Dismissed Under the Fair Credit Reporting Act (FCRA)

Plaintiff's entire claim for failure to investigate is contained in a single paragraph:

> Defendant SunTrust violated 15 U.S.C. § 1681s-2(b)(1) by failing, upon receiving notice of the dispute by Plaintiff from the Defendant CRA's, to conduct a lawful investigation; by failing to review all relevant information provided by the Defendants CRA's; by failing to report the results of its investigation to the CRA's; if the investigation finds that the information is incomplete or inaccurate, by failing to report those results to the Defendants CRA's; and/or if the information disputed by Plaintiff is found to [sic] inaccurate or incomplete or cannot be verified after any reinvestigation by failing to modify, delete, or permanently block the reporting of that item of information.

(FAC ¶ 50). Instead of presenting any facts in support of Gazarian's FCRA claim, plaintiff has simply pasted the elements of applicable statute into his FAC. *See* 15. U.S.C. § 1681s-2(b). Plaintiff's FCRA claim thus consists of this single paragraph allegation copied from the statute, and should be dismissed on this basis alone. Legal conclusions alone are insufficient, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)* (citing *Twombly, 550 U.S. at 555*).

A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th

Cir. 1984). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, U.S., 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). Courts have dismissed claims under section 1681s-2(b) against a loan servicer when the complaint failed to allege facts to support such a claim. *Singh v. Litton Loan Servicing LP*, Case No. CV-10-1355-LJO, 2011 U.S. Dist. LEXIS 49145 at *11 (Apr. 28, 2011) (Litton is correct that the complaint lacks facts to support a FCRA claim. The complaint fails to allege facts that Litton, as a loan servicer, furnished credit information or is subject to FCRA duties to provide accurate credit information or to investigate to impose FCRA liability on Litton. There are no meaningful allegations that a crediting reporting agency notified Litton of a dispute.)

### 1. Plaintiff's Allegations as to Violations of Fair Credit Reporting Act are Without Merit.

Congress enacted the Fair Credit Reporting Act, *15 U.S.C. §§ 1681*-1681x, in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 2201, 2205, (2007). The FCRA allows a plaintiff to bring a claim against a creditor for failure to report a continued dispute to credit reporting agencies. *See 15 U.S.C. § 1681s-2*(b)(1). *15 U.S.C. § 1681* s-2(a)(3) further requires that furnishers of information to credit reporting agencies ("CRA") must provide accurate information, and, if the accuracy or completeness of the information is disputed, the furnisher of the information must also provide notice that the information is disputed by the consumer. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154-56 (2009, C.A. 9th Cir.)

Upon receiving notice from a CRA that a consumer disputes the information provided by a furnisher, the furnisher must, among other things, conduct an investigation of the dispute, report the results of the investigation, and if any information is found to be incomplete or inaccurate, the furnisher must provide updated information to all of the CRAs to which the incorrect information had previously been reported. *See* 15 U.S.C. § 1681s-2(b)(1). Here, plaintiff has not alleged **facts** sufficient to state a claim under FCRA. As this Court had previously found, conclusory allegations under the FCRA warrant dismissal. *Harms v. BAC Home Loans servicing, L.P.*, No. C 11-02757 CW, 2011 U.S. Dist. LEXIS 135413 at *6 (N.D. Cal. Filed Nov. 23, 2011) (Plaintiff's federal claims fail

because they state in conclusory terms that Defendants violated the FDCPA and the FCRA.)

#### a. Investigation Must Be Reasonable

The furnisher of information must conduct a reasonable investigation after being notified by a CRA that a consumer disputes any of the reported information. *Gorman*, 584 F.3d at 1156-57. In determining whether the investigation is reasonable, courts consider the information provided to the furnisher by the CRA to indicate what exactly was in dispute. *Id.* Plaintiff does not allege what information was provided to any CRA, who provided any information to the CRA, whether the CRA notified SunTrust of a consumer dispute, whether the dispute calls for a reasonable investigation, and so on. Plaintiff only offers a contradictory allegation that the CRAs failed to contact SunTrust, and did not forward notice of the dispute to SunTrust; but at the same time plaintiff alleges in the alternative that SunTrust did receive notice of the dispute. (FAC ¶ 27). Not only does plaintiff fail to provide any facts in support of his allegation, plaintiff's fails to unambiguously allege SunTrust had notice of any dispute.

#### b. Error must be Materially Misleading to be Actionable

A furnisher will not be liable for failing to report a meritless dispute because the meritless dispute does not make the credit reporting incomplete or inaccurate. "It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under Sec. 1681s-2(b)." *Gorman*, 584 F.3d at 1163.

Here, plaintiff makes no allegations that SunTrust made any reports or any materially misleading errors. In fact, as discussed above, plaintiff provides no facts whatsoever as to the subject matter of the purported wrongful reporting. It is uncontroverted plaintiff defaulted on his loan, and the FAC alleges his property was sold at a foreclosure sale; (See FAC ¶¶ 15-20); "SunTrust is barred from seeking a deficiency judgment after taking Mr. Gazarian's House through this non-judicial foreclosure." (FAC ¶ 20). Gazarian's default and the subsequent foreclosure of his home is a matter of public record. (*See* RJN Ex. 2). There are no allegations as to how any purported reporting by SunTrust would have been misleading.

2.  **Plaintiff Fails To Plead A Key Element of FCRA Section 1681s-2(b) Claim: Damages.**

Plaintiff's fourth cause of action alleging "negligent " and "willful" violation of section 1681s-2(b) of the FCRA, fails because Gazarian fails to plead facts establishing that SunTrust's purported actions were negligent or willful. (FAC ¶ 52). Moreover, Gazarian fails to present any facts as to how he was damaged. *Id.* To prove a willful violation, a consumer must show that the defendant violated the FCRA either knowingly or recklessly. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007).

Actual damages are a required element of a claim for "negligent " and "willful" violation of section 1681s-2(b)[2] of the FCRA. *See Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1119, 1128-30 (D. Nev. 2008) (explaining, generally, that "stating an FCRA claim against Defendant requires Plaintiff to show that he is entitled to damages under the FCRA" and, more specifically, that where "Plaintiff alleges both a willful and a negligent violation of the FCRA, [he must] show he suffered actual damages because of Defendant's violation," *i.e* that "a plaintiff must make a "causal link between [alleged actual] damages and [a] [d]efendant's violation"). Here, Gazarian has offered no facts at all as to how he was damaged, and therefore he cannot succeed with his FCRA claim. *See Gens v. Wachovia Mortg. Corp.*, No. 10-CV-01073-LHK, 2011 WL 9121, *8

---

[2] In enacting 15 U.S.C. § 1681n, Congress allowed defendants to be awarded attorneys' fees "upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment." 15 U.S.C. § 1681n(c). To the extent this Court makes such a finding, SunTrust requests an opportunity to file a statement of costs and expenses in preparing this Motion. *See Alcaraz v. Wachovia Mortg., FSB*, No. 08-1640 LJO, 2009 WL 160308, *12 (E.D. Cal. Jan. 21, 2009) (striking claim for punitive damages based on conclusory allegations that lender's conduct was intentional, willful and fraudulent). *See Howard*, 371 F. Supp. 2d at 1143 (conclusory allegations will not state a claim for willful noncompliance with the FCRA); *see also Robinson v. Bank of America, N.A.*, No. CV F 10-2135 LJO GSA, 2010 WL 5114738, *12-13 (granting defendant's request to dismiss punitive damages, pursuant to Rule 12(b)(6), stating: "[Defendant] is correct that the complaint lacks allegations that [defendant] acted with malice, oppression or fraud. The complaint's mere request for punitive damages and reference to fraud are conclusory without illustrative facts. The complaint lacks specific allegations of [defendant's] wrongdoing to impose punitive damages. The complaint fails to provide adequate notice of alleged conduct to support punitive damages. Moreover, the failure of [plaintiff's] claims warrants dismissal of the punitive damages claim.").

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

(explaining the chain of events that must occur before a consumer's private right of action under 1681s-2(b) arises) (citing *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002); 15 U.S.C. § 1681s-2(b)). This failure to dooms Gazarian's section 1681s-2(b) claim. Section 1681s-2(b) provides a *limited* cause of action against "furnishers of information" *only* for a failure to perform four specific duties, which in turn arise *only* after a furnisher receives notice from a CRA. *See, e.g., Gens*, 2011 WL 9121 at *8 ("[O]nly a CRA's notification to a furnisher of information of a dispute [*7] triggers duties under subsection (b)."); *Vietor v. Commonwealth Land Title*, No. C-07-06453, 2010 WL 545856, at *4 (N.D. Cal. Feb. 11, 2010) (dismissing FCRA claim because plaintiff failed to plead she notified CRA of a disputed account, that the CRA notified defendant, or that defendant failed to investigate); *Sanai v. Saltz*, 170 Cal. App. 4th 746, 765 (2009) ("Absent notice from [a CRA], [defendant] had no enforceable duty to reinvestigate the information about [plaintiff] it had previously provided."); *Abouelhassan v. Chase Bank*, No. C 07-03951 JF (PVT), 2007 WL 3010421, *4 (N.D. Cal. Oct. 12, 2007) ("[A] consumer cannot state a FCRA claim against a furnisher of his credit information unless he passes through the "filtering mechanism . . . ."). If plaintiff fails to plead the existence of damages actually arising from conduct that is actionable under section 1681s-2(b), he cannot state a claim. *See, e.g., Johnson*, 558 F. Supp. 2d at 1128-30 ("Without the causal link, Plaintiff cannot prove actual damages.")

For that matter, Gazarian also fails to plead his entitlement to the punitive damages he requests from this Court[3] (*see* FAC ¶ 52) because he has not plead any facts to establish that SunTrust "willfully" violated section 1681s-2(b) of the FCRA. *See id.* at 1119. ("If Plaintiff proves a willful violation . . . he may be entitled to punitive damages at the court's discretion.") (citing 15 U.S.C. § 1681n). Instead, it is clear that conclusory allegations of "willful" conduct—which is all Gazarian's FAC contains—will not suffice. *See Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1143 (N.D.

---

[3] Given that Rule 12(f) is no longer the proper vehicle to attack plaintiff's factually-unsupported requests for punitive damages, in the alterative, SunTrust request the Court strike plaintiff's request for punitive damages. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (in a matter of first impression, explaining that using "Rule 12(f) in a manner that allowed litigants ... as a means to dismiss some or all of a pleading ... would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion ... already serves such a purpose.").

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Cal. 2005). ("The Court finds that this claim ... contains only the insufficient statement that '[d]efendants Blue Ridge, Credit Protection and Wells Fargo received notice of plaintiff's dispute from Equifax, Experian, Intersection and Trans Union and [willfully] failed to comply with the requirements of 15 U.S.C. § 1681s-2.' Plaintiff argues that this conclusory allegation, and his complaint generally, comply with Rule 8's liberal notice pleading standard, and that his complaint is written in this way because '[t]he particular problems and why they were caused are peculiarly within the knowledge of the defendants.' The Court disagrees that the relevant information is peculiarly within defendants' control, and finds the factual allegations insufficient as to defendants' *willful* noncompliance with the FCRA.") (record citations omitted).

Because Gazarian has not adequately pled damages actually arising from his 15 U.S.C. § 1681s-2(b) claim, it should be dismissed for this additional reason. *See id.* (dismissing FCRA claim for failure to adequately allege entitlement to damages); *see also Johnson*, 558 F. Supp. 2d at 1119 and 1128-30.

## V. CONCLUSION

For the reasons set forth above, SunTrust respectfully requests it be dismissed from this action with prejudice.

Dated: December 16, 2011

Respectfully submitted,

**AKERMAN SENTERFITT LLP**

By: */s/ Bryan M. Leifer*
Bryan M. Leifer
Attorney for Defendant
SUNTRUST MORTGAGE, INC.