EDWARD O. LEAR, State Bar No. 132699
DANIEL WOODFORD, State Bar No. 241086
RIZZA GONZALES, State Bar No. 268118
**CENTURY LAW GROUP LLP**
5200 W. Century Blvd. #345
Los Angeles, CA 90045
Phone (310) 642-6900
Fax (310) 642-6910

Attorney for Plaintiff
RICHARD GAZARIAN

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GAZARIAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; SUNTRUST MORTGAGE, INC.<br><br>Defendants. | Case No.: 4:11-CV-02888-CW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:       January 26, 2012<br>Time:       2:00 p.m.<br>Courtroom:  2<br><br>Complaint Filed: August 26, 2011<br>FAC Filed: December 6, 2011 |

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1     COMES NOW the Plaintiff, RICHARD GAZARIAN ("Plaintiff" and/or "Gazarian"), by
2 and through his attorneys of record, hereby submits the following written opposition in response
3 to Defendant SUNTRUST MORTGAGE, INC. ("SunTrust")'s Motion to Dismiss Plaintiff's First
4 Amended Complaint. Plaintiff's opposition is based upon the authority and arguments contained
5 and attached hereto as well as all pleadings and other documents on file in the present matter.

6                **MEMORANDUM OF POINTS AND AUTHORITIES**

7 **I.   INTRODUCTION/BRIEF STATEMENT OF FACTS**

8     On June 13, 2011, Plaintiff Richard Gazarian, filed his Complaint and subsequent First
9 Amended Complaint ("FAC") for Violations of the Fair Credit Reporting Act ("FCRA")(15
10 U.S.C. § 1681, *et seq.*) against Defendants Experian Information Solutions, Inc. ("Experian"),
11 Trans Union LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), and
12 SunTrust Mortgage, Inc. ("SunTrust"). Plaintiff alleges in his complaint that on or about January
13 2, 2007, SunTrust made a mortgage loan secured by the real property located at 2127 Feathermint
14 Drive, San Ramon, California 84582 and designated as Assessor's Parcel Number 222-340-015-7
15 ("Subject Property"). (FAC, ¶ 15). On April 13, 2010, SunTrust, through its agent/trustee The
16 Wolf Firm, completed a non-judicial foreclosure sale of the Subject Property. (FAC, ¶ 20). As a
17 result of the non-judicial foreclosure sale, SunTrust is barred from seeking a deficiency judgment
18 against Mr. Gazarian for any outstanding money due on the mortgage on the Subject Property.
19 *See* C.C.P. § 580d.

20     After the non-judicial foreclosure, Mr. Gazarian realized that Defendants Experian, Trans
21 Union and Equifax ("Credit Reporting Agencies" and/or "CRAs") had included inaccurate
22 information from Mr. Gazarian's former creditor, SunTrust, regarding the Mortgage including
23 that there was a past due amount of $73,420.00 when no amounts were due or owing and that the
24 foreclosure sale occurred in July 2009 when it in fact occurred on or about April 13, 2010. (FAC,
25 ¶ 21). Upon discovery of these erroneous entries, Mr. Gazarian sent letters to all three CRAs via
26 certified mail notifying them of the errors and filed the instant complaint pursuant to the Federal
27 Fair Credit Reporting Act ("FCRA").

28     As to SunTrust, Mr. Gazarian alleged in the alternative, that he is informed and believes

2

**PLAINTIFF'S OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1 | that the CRAs, pursuant to the FCRA, contacted SunTrust as to the erroneous information being
2 | reported on Mr. Gazarian' s credit report. Mr. Gazarian alleged, on information and belief, that
3 | SunTrust failed to conduct a lawful investigation. (FAC, ¶ 27-28).

4 | Additionally, Mr. Gazarian sent a separate Qualified Written Request ("QWR") letter via
5 | certified mail to SunTrust requesting the identity of all parties with an interest in the Mortgage
6 | and an accounting of all payments and credits in order to verify the information SunTrust was
7 | reporting to the CRAs. (FAC, ¶ 29). Mr. Gazarian did not receive a response to his QWR from
8 | SunTrust. (FAC, ¶ 34).

9 | SunTrust filed its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed.
10 | R. Civ. Proc. Rule 12(b)(6) for failure to state a sufficient claim for which relief can be granted.
11 | SunTrust bases its position on the mistaken premise that Mr. Gazarian's allegations are formulaic
12 | and conclusory. However, for the reasons discussed below, SunTrust's motion fails as Plaintiff
13 | has sufficiently pleaded its cause of action for failure to respond to Qualified Written Request
14 | ("QWR") and has sufficiently pleaded SunTrust's violation of the FCRA for failure to investigate.

15 | **II.    LEGAL ARGUMENT**

16 | **a.    The Standard of Review for a Motion to Dismiss Under Federal Rules of Civil**
17 | **Procedure 12(b)(1) and 12(b)(6)**

18 | In order to withstand a dismissal under Fed.R.Civ.P. 12(b)(6), a complaint must contain
19 | enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic*
20 | *Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right
21 | to relief above the speculative level." *Id.* at 570.

22 | When ruling on a motion to dismiss, only allegations contained in the pleadings, exhibits
23 | attached to the complaint, and matters properly subject to judicial notice may be considered.
24 | *Outdoor Media Group, Inc.*, 506 F.3d 895, 900 (9th Cir. 2007). In ruling on such a motion, "the
25 | court must presume all factual allegations of the complaint to be true and draw all reasonable
26 | inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561
27 | (9th Cir. 1987). A Rule 12(b)(6) motion involves a prima facie test that presumes all of the well-
28 | pleaded facts in the complaint as true. *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th

3

**PLAINTIFF'S OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1 | Cir. 2001). "A district court by definition abuses its discretion when it makes an error of law."
2 | *Koon v. United States,* 518 U.S. 81, 100 (1996).

3 | Dismissal of a complaint on a motion to dismiss is proper only when the plaintiff has
4 | failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable
5 | legal theory. *Smile Care Dental Group v. Delta Plan of Cal., Inc.,* 88 F.3d 780, 782 (9th Cir.
6 | 1996). Further dismissal is only appropriate if it appears beyond a doubt that the plaintiff can
7 | prove no set of facts in support of a claim. *Abramson v. Brownstein,* 897 F.2d 389, 391 (9th Cir.
8 | 1990).

9 | Defendant SunTrust has failed to meet its burden in the present matter as Plaintiff has
10 | pleaded sufficient facts, as set forth more fully below, to support his claims against Defendant for
11 | failure to respond to a QWR pursuant to 12 U.S.C. § 2605(e) and for failure to investigate under
12 | the FCRA 15 U.S.C. § 1681s-2(b)(1)(A)-(E). and for failure to investigate the Complaint must
13 | be construed favorably to the pleader and the allegations of the Complaint must be accepted as
14 | true.

15 | **b. Plaintiff Has Properly Pleaded His Failure to Respond to QWR Cause of Action**
16 | **Against SunTrust**

17 | SunTrust contends that Plaintiff's third cause of action fails because Plaintiff's FAC is
18 | formulaic as to pleading the existence of a QWR sent to SunTrust and that Plaintiff has not
19 | pleaded any actual damages. However, as set forth more fully below, Plaintiff's FAC has
20 | sufficiently pleaded the existence of a QWR and has sufficiently pleaded the existence of actual
21 | damages.

22 | Firstly, all factual uncertainties in the Complaint must be construed in the light most
23 | favorable to Plaintiff. *In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir.1996).* Herein,
24 | Plaintiff has alleged in his Complaint that on March 24, 2011, he "sent a letter…via certified mail
25 | to SunTrust requesting…the identity of all parties with an interest in the Mortgage and an
26 | accounting of all payments." (FAC, ¶ 29). The FAC further states that the QWR stated it was a
27 | "qualified written request" on the face of the correspondence, stated Plaintiff's name, property
28 | address, and loan number, and stated the reasons Plaintiff believed his account was in error.

4

**PLAINTIFF'S OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1 (FAC, ¶ 30-32). Plaintiff further alleges that he did not receive a response from SunTrust as to
2 his QWR. (FAC, ¶ 34). Given the allegations as set forth in Plaintiff's FAC, the Court must
3 conclude that a QWR was in existence, was sent to SunTrust, and SunTrust did not respond.
4 Plaintiff has, therefore, sufficiently pleaded a failure to respond to a QWR.

5      Defendant sites to *Harris v. American General Finance, Inc.,* No. Civ A. 02-1395, 2005
6 WL 1593673, *3 (D. Kan. July 6, 2005), for the proposition that a letter must relate to the
7 servicing of the account to be a QWR. However, in *Harris*, the court found that the plaintiff's
8 purported QWR was "instead focused its concern on the collection efforts of defendant's agents
9 and threats by plaintiffs' counsel to retaliate." *Id.* at *3. Moreover, the court further noted that
10 the plaintiff's letter was not a QWR since it did not allege the account numbers, no statement that
11 the account is in error, nor does it request any information from the lender. *Id.* at *3. Herein,
12 Plaintiff has alleged that he included his name, property address, loan number, stated the reasons
13 why he believed his account was in error and that the purpose of such request was to correct the
14 inaccuracies being reported by the CRA's. (FAC, ¶ 31-32). Such request, including Plaintiff's
15 request for a statement of his payments, must be included in the broad definition of loan
16 "servicing" to which a QWR must relate.

17      Secondly, Plaintiff has alleged that SunTrust has a duty under TILA to respond to
18 Plaintiff's letter. While loan servicers are not subject to TILA's disclosure requirements, Plaintiff
19 has alleged in his FAC that SunTrust was more than the just the servicer of the loan, but was, until
20 the time the property was sold, the owner of the obligation as well. *See* FAC, ¶ 17. As such,
21 SunTrust had a duty to respond to Plaintiff's QWR and is also subject to TILA's disclosure
22 requirements as the owner of the obligation pursuant to 12 U.S.C. § 2605(e).

23      Finally, Plaintiff has alleged in his Complaint that he "demands judgment for statutory,
24 compensatory, and punitive damages against Defendants." (*Id.* at pg. 8). This encompasses the
25 actual damages allowed by 12 U.S.C. § 2605(f)(1). Mr. Gazarian has suffered actual damages in
26 an amount to be determined by an expert including, but not limited to, the damage to his
27 reputation, Mr. Gazarian's reduced capacity to obtain credit, and the added cost to Mr. Gazarian
28 of obtaining credit as a result of the inaccuracies in his credit report caused by Defendants

5

**PLAINTIFF'S OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  including SunTrust by its failure to provide Mr. Gazarian with the information requested in his
2  QWR such that he could properly inform the CRA's since SunTrust had failed to do so.

3      For the foregoing reasons SunTrust's Motion to Dismiss must be overruled.

4      **c.  Plaintiff Has Sufficiently Pleaded a Claim for Failure to Investigate Against**
5          **SunTrust Under the FCRA**

6      Defendant argues that Plaintiff's claim for failure to investigate is conclusory as it
7  references the elements of 15 U.S.C. § 1681s-2(b)(1) and is, therefore, only a legal conclusion.
8  As Defendant sets forth in its Motion to Dismiss, under 15 U.S.C. § 1681s-2(b)(1), a furnisher
9  must conduct an investigation of the dispute upon receiving notice of a consumer dispute by the
10 CRAs. Herein, Plaintiff has alleged that the CRA's did forward notice of the dispute to SunTrust.
11 (FAC, ¶ 27). Plaintiff has further alleged on information and belief that SunTrust failed to
12 conduct a lawful investigation given the errors on his credit report. (FAC, ¶ 28). He has,
13 therefore, sufficiently pleaded a claim for failure to investigate under 15 U.S.C. § 1681s-2(b)(1)as
14 all factual uncertainties in the Complaint must be construed in the light most favorable to
15 Plaintiff. *In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir.1996)*.

16     Defendant's argument that Plaintiff has failed to allege that the investigation was
17 reasonable is inappropriate at this motion to dismiss stage. The reasonableness of SunTrust's
18 investigation or lack thereof is inappropriate to decide in this motion to dismiss. Moreover,
19 Plaintiff does in fact allege what information was disputed in his credit reports as reported by the
20 CRA'—an incorrect past due amount and an incorrect foreclosure sale date. (FAC, ¶ 22).
21 Plaintiff alleges that such information was provided the CRA's. (FAC, ¶ 23). Plaintiff alleges on
22 information and belief that such information was provided to SunTrust. (FAC, ¶ 28).

23     Defendant also contends that Plaintiff offers contradictory allegations as to whether the
24 CRA's did or did not contact SunTrust. As set forth in Fed.R.Civ.P. Rule 8(3) "[a] party may
25 state as many separate claims and defenses as it has, regardless of consistency." As such,
26 Plaintiff's pleading that the CRA's did not contact SunTrust and, alternatively, did contact
27 SunTrust, are permissible within his FAC.

28     Additionally, Plaintiff has set forth the particular errors in his credit report regarding the

6

**PLAINTIFF'S OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  foreclosure on the property i.e. an incorrectly reported past due amount and an incorrect

2  foreclosure date. (FAC, ¶ 21). Plaintiff has never alleged that the foreclosure sale took place or

3  that the reporting of the foreclosure in and of itself was in error. Rather, Plaintiff has alleged

4  specific errors which have negatively affected his ability to obtain credit.

5       Finally, Plaintiff has suffered actual damages in an amount to be determined by an expert

6  including, but not limited to, the damage to his reputation, Mr. Gazarian's reduced capacity to

7  obtain credit, and the added cost to Mr. Gazarian of obtaining credit as a result of the inaccuracies

8  in his credit report caused by Defendants including SunTrust by its failure to provide Mr.

9  Gazarian with the information requested in his QWR such that he could properly inform the

10  CRA's since SunTrust had failed to do so.

11       For the foregoing reasons SunTrust's Motion to Dismiss must be overruled.

12       **d.   Liberal Right to Amend**

13       A complaint may be dismissed for failure to state a claim upon which relief can be

14  granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of

15  the claim which would entitle the plaintiff to relief." *Thompson v. Davis* 295 F.3d 890, 895 (9th

16  Cir.2002), *cert. denied*, 538 U.S. 921, 123 S.Ct. 1570, 155 L.Ed.2d 311 (2003). "[I]t may appear

17  on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."

18  *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other*

19  *grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "The

20  issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer

21  evidence to support the claims." *Id.*

22       In considering the motion, "[a]ll allegations of material fact in the complaint are taken as

23  true and construed in the light most favorable to the plaintiff." *McGary v. City of Portland*, 386

24  F.3d 1259, 1261 (9th Cir.2004). Further, FRCP 15(a) expressly states that leave to amend "shall

25  be freely given when justice so requires." *Allen v. City of Beverly Hills* (9th Cir. 1990) 911 F2d

26  367, 373; *Friedlander v. Nims* (11th Cir. 1985) 755 F2d 810, 813.

27       To the extent that the Court believes Mr. Gazarian has failed to plead with specificity his

28  cause of action against SunTrust, Mr. Gazarian respectfully requests the Court grant him the

7

**PLAINTIFF'S OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1 opportunity to file a further amended complaint to address the Court's concerns so Mr. Gazarian's

2 matter may be heard on its merits.

3 **III.    CONCLUSION**

4       For the reasons set forth above, Mr. Gazarian respectfully requests the Court deny

5 Defendant SunTrust's Motion to Dismiss. However, to the extent that the Court finds Mr.

6 Gazarian has failed to file his First Amended Complaint with the requisite specificity, Mr.

7 Gazarian requests the Court grant him the opportunity to amend his complaint.

8

9

10 DATED: December 29, 2011                    **CENTURY LAW GROUP LLP**

11

12                                    By:    _____

13                                           Edward O. Lear
                                             Daniel Woodford
14                                           Rizza Gonzales
                                             Attorneys for Plaintiff
15                                           RICHARD GAZARIAN

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**PLAINTIFF'S OPPOSITION TO DEFENDANT SUNTRUST MORTGAGE, INC.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**